IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-625 T

(Judge Mary Ellen Coster Williams)

KISLEV PARTNERS, L.P., by and Through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits that Kislev's employer identification number is 98-0174122. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Admits that the last four digits of Mr. Bahar's social security number are 2252. States

that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Admits that the United States is the defendant in this case.

5. States that if jurisdiction exists for this action it must arise under 26 U.S.C. § 6226(e) and 28 U.S.C. § 1508; but denies that jurisdiction exists here as the plaintiff has not satisfied the jurisdictional deposit requirements of § 6226(e), Treas. Reg. § 301.6226(e)-1, and § 6231(a)(10) (defining "indirect partner").

6. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits the remaining allegations of paragraph 6.

7-8. Admits the allegations of paragraphs 7 and 8, except to state the FPAA was issued with respect to the taxable period ending December 31, 2002.

9. Admits that the amount of $9,500 was deposited and applied to Mr. Bahar's tax account. Denies that this amount represents the amount by which Mr. Bahar's liability would be increased if the adjustments made by the FPAA were applied to Mr. Bahar. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Admits the allegations of paragraph 10.

11. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12-13. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits the remaining allegations in paragraphs 12 and 13.

14. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16-21. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16 through 21.

22. Denies the allegations of the first two sentences of paragraph 22. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22.

23. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Admits that Kislev claimed a basis in euros of $142,016,024. Denies that the claimed basis was proper. Further denies that Kislev recognized a loss of $140,636,109 on the conversion of the euros.

25. Denies the allegations of paragraph 25.

26. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Admits the allegations of paragraph 27.

28. Admits that the complaint challenges all adjustments made by the FPAA, denies those challenges have merit.

29. Denies the allegations of paragraph 29.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant

and against plaintiff, determining that the adjustments made by the FPAA issued to Kislev with respect to the partnership items for the period ending December 31, 2002, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)
David.R.House@usdoj.gov

JOHN DICICCO
Deputy Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims

s/Steven I. Frahm

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has, this ________ day of _______, 2008, been made on the plaintiff by electronic filing. In addition, the Tax Matters Partner has been served by mailing a copy thereof to the following address:

Izak Senbahar
150 E. 58th Street
New York, NY 10155

______________________
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D. C. 20044
(202) 307-6440