IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-625 T
(Judge Mary Ellen Coster Williams)

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DECLARATION OF DAVID C. KUSMIREK**

I, David C. Kusmirek, hereby affirm and attest that the following statements are true to the best of my knowledge and belief:

1. I am employed by the Internal Revenue Service ("IRS") as a revenue agent in the Downers Grove, Illinois office of the Internal Revenue Office.

2. In my official capacity as a revenue agent, I assisted in preparing the Notice of Final Partnership Administrative Adjustment (FPAA) for the period ending December 31, 2002. In addition, I have reviewed Mr. Bahar's income tax returns, Forms 1040, listed below, and have computed the tax liability of Nesim Bahar as if the partnership items were treated on Mr. Bahar's returns consistently with the adjustments made by the FPAA.

3. Attached hereto are true and correct copies of the following documents, which are contained in the official files of the IRS for the above-captioned case:

**Exhibit 1.** U.S. Return of Partnership Income (Form 1065) of Kislev for the taxable period ending December 31, 2002.

**Exhibit 2.** Notice of Final Partnership Administrative Adjustment ("FPAA") for Kislev's taxable period ending December 31, 2002.

**Exhibit 3.** U.S. Individual Income Tax Return (Form 1040) of Nesim Bahar for taxable year 2002.

**Exhibit 4.** U.S. Individual Income Tax Return (Form 1040) of Nesim Bahar for taxable year 2003.

**Exhibit 5.** U.S. Individual Income Tax Return (Form 1040) of Nesim Bahar for taxable year 2004.

**Exhibit 6.** U.S. Individual Income Tax Return (Form 1040) of Nesim Bahar for taxable year 2005.

4. On Kislev's Form 1065 filed for the period ending December 31, 2002, attached hereto as Exhibit 1, Kislev reported that it had a loss of $6,551,884 on Schedule K, line 7, with the comment "See Statement 2." Statement 2 attached to the Form 1065 describes the loss as "Loss on Section 988." On the same return, Kislev reports the amount of $134,245,731 as "other assets" on Schedule L, line 13, with the comment "See Statement 5." Statement 5 attached to the Form 1065 describes the "other assets" as consisting of "DEFERRED LOSSS DUE TO BASIS LIMIT" in the amount of $134,084,225 and "production costs" of $161,506.

5. On Schedule K-1 issued to Bahar-USA Developments, which is attached to the Form 1065, the amount of $655,188 is reported out as a loss to Bahar-USA Developments with the comment "See Line 25." Line 25 describes a "Loss on Section 988" in the amount of $655,188.

In addition, Line 25 also reports "SUSPENDED SECTION 988 LOSS DUE TO BASIS LIMITATION $14,043,611."

6. The adjustments made by the FPAA disallowed the reported loss of $6,551,884, as well as the "other assets" in the amount of $134,084,225 and described as "DEFERRED LOSSS DUE TO BASIS LIMIT." Accordingly, the capital accounts of Kislev in the amount of $135,680,434 were reduced to zero.

7. Mr. Bahar's Form 1040 for the year 2002, attached hereto as Exhibit 3, was filed on or about October 21, 2003, and reported a loss of $729,272 on line 21 with the comment "See Statement 1." Statement 1 describes part of that loss as "Loss on Section 988", in the amount of $655,188. The disallowance of the losses by the FPAA disallows the loss in the amount of $655,188 on Mr. Bahar's return. Although this adjustment to Mr. Bahar's return for the year 2002 does not result in an increased liability for 2002, it does reduce a net operating loss carryforward to Mr. Bahar's Form 1040 for 2003 which, when coupled with an adjustment required by an attempt to deduct additional losses from Kislev's Form 1065 for the period ending December 31, 2002, results in an increase in Mr. Bahar's tax liability for 2003.

8. Mr. Bahar's Form 1040 for the year ending December 31, 2003, attached hereto as Exhibit 4, was filed on or about October 19, 2004. On the 2003 Form 1040, Mr. Bahar claimed a loss on line 21 in the amount of $4,737,147 with the comment "See Statement 2." Statement 2 describes the loss as $4,165,409 from "loss on Section 988" and $571,738 from "Net operating loss carryover" (NOL). After reduction of the NOL from 2002 described in paragraph 6, above, and disallowance of the "loss on Section 988" pursuant to the FPAA, the increase in Mr. Bahar's tax liability for the taxable year 2003 resulting from the FPAA adjustments, is $1,320,212.00,

exclusive of interest and penalties.

9. Mr. Bahar's Form 1040 for the year 2004, attached hereto as Exhibit 5, was filed on or about October 21, 2005. On that Form 1040, Mr. Bahar reported a loss of $1,031,846 on line 21 with the comment "See Statement 2." Statement 2 describes part of that loss as "Loss on Section 988", in the amount of $460,108. In addition, Statement 2 describes the amount of $571,738 as a net operating loss carryover (NOL). The "Loss on Section 988" is the disallowed loss from the FPAA. The NOL is unavailable for use in 2004, because of the disallowance of the losses for 2002 and 2003, described above. Although these adjustments to Mr. Bahar's return for the year 2004 do not result in an increased liability for 2004, it does reduce a net operating loss carryforward to Mr. Bahar's Form 1040 for 2005 which, when coupled with an adjustment required by an attempt to deduct additional losses from Kislev's Form 1065 for the period ending December 31, 2002, results in an increase in Mr. Bahar's tax liability for 2005.

10. Mr. Bahar's Form 1040 for the year 2005, attached hereto as Exhibit 6, was filed on or about October 23, 2006, and reported a loss of $598,107 on line 17, from Schedule E. Schedule E, in turn states "See Statement 2." On Statement 2, there is an item described as "Section 988 loss" in the amount of $3,276,681. Although the partnership is not named under the column specifying the name of the partnership, the Employer ID No., 98-0174122, is the same as Kislev Partners. That amount is then netted with other losses and income from partnerships to arrive at the loss reported on line 17. The "Section 988 loss" reported as part of Schedule E was disallowed by the FPAA. As a result of the disallowance, there is net income from Schedule E. In addition, there is an NOL reported on line 21 in the amount of $1,607,404. Due to the adjustments made to prior returns as a result of the FPAA adjustments, described

above, there is a reduction in the amount of the NOL carried forward to 2005. The increase in Mr. Bahar's tax liability for the taxable year 2005, resulting from the adjustments made by the FPAA is $1,584,834.00, exclusive of interest and penalties.

11. Neither Nesim Behar nor any of his attorneys or other representatives ever contacted me to ask about what deposit he would need to make under Section 6226(e) of the Internal Revenue Code prior to bringing suit in the Court of Federal Claims.

I declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 5/9, 2008, in Downers Grove, Illinois.

DAVID C. KUSMIREK