IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-625 T

(Judge Mary Ellen Coster Williams)

KISLEV PARTNERS, L.P., by and Through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The defendant, the United States, by and for its first defense to the plaintiff's First Amended Complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits that Kislev's employer identification number is 98-0174122. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Admits that the last four digits of Mr. Bahar's social security number are 2252. States

that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Admits that the United States is the defendant in this case.

5. States that if jurisdiction exists for this action it must arise under 26 U.S.C. § 6226(e) and 28 U.S.C. § 1508; but denies that jurisdiction exists here as the plaintiff has not satisfied the jurisdictional deposit requirements of § 6226(e), Treas. Reg. § 301.6226(e)-1, and § 6231(a)(10) (defining "indirect partner").

6. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits the remaining allegations of paragraph 6, except to deny that a copy of the return is attached to the Amended Complaint. By way of further answer, states that a copy of the return was attached as Exhibit A to the complaint filed in this case on or about August 22, 2007.

7. Admits the allegations of paragraph 7, except to deny that a copy of the FPAA is attached to the Amended Complaint. By way of further answer, states that a copy of the FPAA was attached as Exhibit B to the complaint filed in this case on or about August 22, 2007.

8. Admits the allegations of paragraph 8, except to state the FPAA was issued with respect to the taxable period ending December 31, 2002.

9. Admits that the amount of $9,500 was deposited and applied to Mr. Bahar's tax account. Denies that this amount represents the amount by which Mr. Bahar's liability would be increased if the adjustments made by the FPAA were applied to Mr. Bahar. Further denies that a copy of the paperwork and check associated with the deposit is attached to the Amended Complaint as Exhibit C.

10. Admits the allegations of paragraph 10.

11. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits the remaining allegations in paragraph 12.

13. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. Admits that Izak Senbahar was listed as the Tax Matters Partner on the Form 1065 filed for Kislev for the period ending December 31, 2002. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Denies the allegations of paragraph 15.

16-21. Denies that Kislev is, or was at any time, a valid partnership for federal tax purposes. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16 through 21.

22. Denies the allegations of the first two sentences of paragraph 22. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22.

23. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Admits that Kislev claimed a basis in euros of $142,016,024. Denies that the

claimed basis was proper. Further denies that Kislev recognized a loss of $140,636,109 on the conversion of the euros.

25. Admits only that on Form 1065 filed for the period ending December 31, 2002, Kislev reflected foreign currency in the amount of $142,033,583 at the beginning of the period and $0 at the end of the period. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. States the first two sentences of paragraph 26 are conclusions of law to which no response is required. With respect to the allegations of the third sentence of paragraph 26, states that no response is necessary to the extent it constitutes a conclusion of law; denies the allegations that any loss occurred on the conversion of the euros; states that defendant lacks knowledge or information regarding the remaining allegations. With respect to the allegations of the fourth sentence of paragraph 26, admits that the amounts were reported as alleged; states that no response is necessary to the extent it constitutes a conclusion of law; denies that any loss occurred. With respect to the allegations of the fifth sentence of paragraph 26, states that no response is necessary to the extent it constitutes a conclusion of law; states further that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding increases in partners' basis in their partnership interests; admits that the partnership attempted to report a portion of the 2002 alleged loss in later years; and denies that the claimed losses occurred. With respect to the allegations of the sixth sentence of paragraph 26, admits that a portion of the claimed losses for 2002 were claimed as alleged on Form 1065 filed for 2003; denies the claimed losses occurred; and states that defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the sixth sentence of

paragraph 26.

27. With respect to the first sentence in paragraph 27, states that defendant lacks knowledge or information sufficient to form a belief as to what the partnership believes, but denies that any loss occurred. Denies the allegation in the second sentence of paragraph 27 that any loss occurred. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28. With respect to the first two sentences of paragraph 28, states that no response is necessary to the extent they constitute a conclusion of law; denies that any loss occurred. With respect to the allegations in the third sentence of paragraph 28, admits that Mr. Bahar reported the amount of $655,188 as his allocable share of the loss on his Form 1040 for the year 2002; denies that any such loss occurred.

29. States that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Admits the allegations of paragraph 30.

31. Admits that the complaint challenges all adjustments made by the FPAA, denies those challenges have merit.

32. Denies the allegations of paragraph 32.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments made by the FPAA issued to Kislev with respect to the partnership items for the period ending December 31, 2002, are correct; dismissing plaintiff's Amended Complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)
David.R.House@usdoj.gov

JOHN DICICCO
Deputy Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims

s/Steven I. Frahm

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has, this 4th day of June, 2008, been made on the plaintiff by electronic filing. In addition, the Tax Matters Partner has been served by mailing a copy thereof to the following address:

Tax Matters Partner
Kislev Partners, L.P.
150 E. 58th Street
New York, NY 10155

/David R. House
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D. C. 20044
(202) 616-3366