**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RCFC 12(b)(1) AND MEMORANDUM IN SUPPORT**

---

N. JEROLD COHEN, ESQ.
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Tel: (404) 853-8038
Fax: (404) 853-8806

ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Lewis S. Wiener
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: (202) 383-0140
Fax: (202) 637-3593

Amanda F. Wilson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8150
Fax: (404) 853-8806

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

QUESTIONS PRESENTED .......... 2

STATEMENT OF THE CASE .......... 2

ARGUMENT .......... 4

1. Plaintiff has satisfied the jurisdictional deposit requirement of section 6226(e)(1) as Plaintiff has deposited the amount of the tax liability that Mr. Bahar would have for the tax year before the Court if the Service's adjustments in the FPAA were sustained. .......... 4

2. Plaintiff has shown good faith in depositing the amount of tax liability that would be owed if the Court were to sustain the adjustment made by the Service in the FPAA for the tax year before the Court. .......... 11

3. A shortfall in the jurisdictional deposit is timely corrected if payment is made within 60 to 90 days of the determination of the shortfall. .......... 14

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

## CASES


*Bailiss v. Sec'y*, 37 Fed. Cl. 64 (1996) ....................7

*Brown v. Sec'y*, 920 F.2d 918 (Fed. Cir. 1990) ....................7

*Comm'r v. Sunnen*, 333 U.S. 591 (1948) ....................5

*Domulewicz v. Comm'r*, 129 T.C. 11 (2007) ....................10

*Elec. Sys. Assoc., Inc. v. United States*, 895 F.2d 1398 (Fed. Cir. 1990) ....................7

*Gilbert v. Sec'y*, 51 F.3d 254, 257 (Fed. Cir 1995) ....................7

*Gitlitz v. Comm'r*, 531 U.S. 206, 213-14 (2001) ....................7

*Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324 (2006) ....................8, 9

*Grapevine Imports, Ltd. v. United States*, 77 Fed. Cl. 505 (2007) ....................8, 9

*J&J Fernandez v. United States*, 2007 WL 1703439 (Fed. Cl.) ....................8, 9

*Kligfeld Holdings v. Comm'r*, 128 T.C. 192 (2007) ....................8

*Maarten Investerings P'ship v. United States*, 2000-1 USTC ¶ 50,241 (SDNY 2000) ....................13, 14

*Olson v. United States*, 37 Fed. Cl. 727 (1997), *aff'd* 172 F.3d 1311 (Fed. Cir. 1999) ....................11

*Span Hansa Mgmt. v. United States*, 91-1 USTC ¶ 50,213 (WD Wash. 1991) ....................15

*Sullivan v. Stroop*, 496 U.S. 478 (1990) ....................7

*Woody v. Comm'r*, 95 T.C. 193 (1990) ....................11


## STATUTES


26 U.S.C. § 6226 ....................1, 2, 3, 4, 5, 7, 8, 11, 12, 13, 14, 15

26 U.S.C. § 6231 ....................2, 9, 10, 11

28 U.S.C. § 1508 ....................1

Treas. Reg. § 301.6226(e)-1(2) ....................6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RCFC 12(b)(1) AND MEMORANDUM IN SUPPORT**

---

This is an action brought under 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b) in which Plaintiff, Nesim Bahar, a notice partner in Kislev Partners, L.P. ("Kislev"), challenges adjustments made by the Internal Revenue Service (the "Service") to the tax return filed by Kislev for 2002. Such adjustments were made by the Service in a Notice of Final Partnership Administrative Adjustment issued on March 28, 2007 (the "FPAA"). Defendant has filed a motion to dismiss this action pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims averring that Plaintiff lacks subject matter jurisdiction because Nesim Bahar failed to make the jurisdictional deposit required by 26 U.S.C. § 6226(e)(1).[1] Defendant has also

[1] Unless otherwise noted, all references to sections shall refer to sections of the Internal Revenue Code of 1986 (the "Code"), Title 26 of the United States Code, as amended and in effect during the relevant period.

averred that the $9,500 deposit made by Mr. Bahar was not a good faith effort to satisfy the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1).

## QUESTIONS PRESENTED

1. Whether the Complaint should be dismissed where Plaintiff has deposited the amount of tax liability that would be owed if the Court of Federal Claims were to sustain the adjustment made by the Service in the FPAA for the tax year before the Court.

2. Whether Plaintiff has made a good faith effort to deposit the amount of tax liability that would be owed if the Court were to sustain the adjustment made by the Service in the FPAA for the tax year before the Court.

3. Whether a shortfall in the jurisdictional deposit is timely corrected if payment is made within 60 to 90 days if the Court were to determine there was a shortfall in the jurisdictional deposit.

## STATEMENT OF THE CASE

Kislev converted €1,377,500 into United States dollars in 2002 (Am. Compl. ¶ 23.), claiming a basis in the euros of $142,016,024 and recognizing an ordinary loss of $140,636,109 on the conversion. (Am. Compl. ¶ 24.) Kislev reflected the conversion on its 2002 tax return, Form 1065. (Am. Compl. ¶ 25.) Kislev has reported the entire $140,636,109 loss in 2002. (Am. Compl. ¶ 27)

Mr. Bahar, through his wholly-owned limited liability company, Bahar-USA Developments LLC (“Bahar-USA”), is a partner in Kislev within the meaning of section 6231(a)(2) and is a notice partner within the meaning of section 6231(a)(8). Bahar-USA is disregarded as an entity separate from Mr. Bahar for federal income tax purposes and thus for

such tax purposes he, rather than his limited liability company, is regarded as the partner in Kislev. (Am. Compl. ¶ 2.)

The treatment of the 2002 Kislev loss was audited by the Service and on March 28, 2008, the Service issued the FPAA for Kislev's taxable year ending December 31, 2002. (Am. Compl. ¶ 8.) The FPAA disallowed the loss recognized by Kislev on the conversion of the euros. (Am. Compl. ¶ 30.)

A portion of the Kislev loss from the 2002 conversion of the euros was allocable to Mr. Bahar as a partner in Kislev. Section 704(d) provides that a partner's distributive share of partnership loss shall be allowed only to the extent of the adjusted basis of such partner's interest in the partnership with any excess loss being deferred until the partner has sufficient basis in his partnership interest to claim the loss. (Am. Compl. ¶ 26.) Mr. Bahar did not have sufficient basis in his Kislev interest to claim his entire allocable share of the loss in 2002 and accordingly, only reported $655,188 of his allocable share on his 2002 individual income tax return, Form 1040. (Am. Compl. ¶ 28.) The disallowance of the loss by the FPAA would result in the disallowance of this $655,188 of loss on Mr. Bahar's 2002 return. (Kusmirek Decl. ¶ 7.) However, as Defendant recognized in its Motion to Dismiss, "this adjustment to Mr. Bahar's return for the year 2002 does not result in an increased liability for 2002." (Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to RCFC 12(b)(1) and Memorandum in Support[2] at p. 6.)

Prior to filing the petition with this Court, Mr. Bahar deposited $9,500 with the government to satisfy the jurisdictional deposit requirement of section 6226(e)(1). (Am. Compl.

---

[2] Hereinafter referred to as Defendant's Motion.

¶ 9.) This deposit was a conservative calculation[3] of the amount of the deposit required to satisfy Mr. Bahar's tax liability for 2002. Despite the fact that Defendant has calculated that Mr. Bahar would have no tax liability for 2002 if the losses disallowed by the FPAA were sustained (Defendant's Motion at p. 6.), Defendant has averred that Plaintiff failed to satisfy the jurisdictional deposit requirement of section 6226(e)(1) and thus Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Defendant also has averred that Plaintiff failed to act in good faith in making the jurisdictional deposit and thus should be precluded from curing any shortfall should the Court find that the jurisdictional deposit requirement was not satisfied.

## ARGUMENT

**1. Plaintiff has satisfied the jurisdictional deposit requirement of section 6226(e)(1) as Plaintiff has deposited the amount of the tax liability that Mr. Bahar would have for the tax year before the Court if the Service's adjustments in the FPAA for Kislev's 2002 tax year were sustained.**

Plaintiff has satisfied the jurisdictional deposit requirement of section 6226(e)(1). Mr. Bahar deposited an amount that at least equals the amount by which his tax liability would be increased in the 2002 tax year before the Court if the Service's position set forth in the FPAA were ultimately held to be correct. Defendant itself concedes that even if the FPAA's disallowance of losses were sustained, the "adjustment to Mr. Bahar's return for the year 2002 does not result in an increased liability for 2002". (Defendant's Motion at p. 6.)

Despite the fact that Plaintiff has clearly satisfied the jurisdictional requirements of section 6226(e)(1), Defendant is now taking the position that the deposit was deficient because it

[3] Plaintiff calculated the amount of the tax liability plus interest that would be owed for 2002 if the FPAA adjustments were sustained, and then increased this amount to $9,500 out of an abundance of caution.

should have included the amounts that Mr. Bahar's tax liability in subsequent returns would be increased in subsequent years if this Court ultimately upheld Defendant's position. To get to this result, Defendant creatively rewrites the relevant provisions of the Code and miscites cases that Defendant says support its imaginative rewriting.

The crux of Defendant's position is set forth in the introduction to its motion, as follows:

> In a TEFRA action, § 6226(e)(1) requires that the petitioning partner deposit the increased tax liability that would occur if the treatment of partnership items on the partner's **returns** for the **years** in which the partnership items were used were made consistent with the FPAA's adjustments.

(Defendant's Motion at p. 3) (emphasis added). In fact, however, the relevant language of section 6226(e)(1) states as follows:

> A readjustment petition under this section may be filed in a district court of the United States or the Claims Court only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which **the tax liability** of the partner would be increased if the treatment of partnership items on the partner's **return** were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment.

26 U.S.C. § 6226(e)(1) (emphasis added).

As can be seen, section 6226(e)(1) refers to the taxpayer's return, where the word return is singular. Section 6226(e)(1) does not address tax liabilities on a number of the taxpayer's returns for a number of years. Yet that is exactly the way Defendant would have it read. Instead, the section requires a deposit of only the amount of the increase in the taxpayer's tax liability on the taxpayer's return for the year which is before the Court. The statute does not refer to any and all affected returns, quite properly. The tax law has for many years followed the Supreme Court's edict that each year stands on its own. *See Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948)

("Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action.")

Defendant's position that the deposit should encompass not only the tax increase that would result in the taxpayer's return for the year before the Court, but all subsequent returns, also conflicts with Defendant's regulations:

> Amount to be deposited. –
>
> (1) In general. – The jurisdictional amount that the filing partner . . . shall deposit is the amount by which the tax liability of the partner would be increased if the treatment of the partnership item **on the partner's return** were made consistent with the treatment of partnership items on the partnership return, as adjusted by the Notice of Final Partnership Administrative Adjustment.

Treas. Reg. § 301.6226(e)-1 (emphasis added).

The fact that it is only the return for the year before the Court that is implicated is made further clear by an example in this regulation:

> A files a petition for readjustment of partnership items in the United States Court of Federal Claims. A's tax liability would be increased by $4,000 if partnership items **on A's return** were conformed to the partnership return, as adjusted by the Notice of Final Partnership Administrative Adjustment.

Treas. Reg. § 301.6226(e)-1(2) (emphasis added).

Thus, even Defendant's regulations do not permit Defendant to stretch the relevant statute, as Defendant would have it stretch, to cover any and all returns for later years in which partnership items were used. Such a stretch would be absurd. How does one deal with a situation in which a complaint is filed for a year and the subsequent year's return has not yet been filed? How does one deal with a situation where the partnership item, which is the subject of the final partnership administrative adjustment, affects many years' returns (such as a challenge to depreciation) and many of those returns are yet to be filed?

Defendant tries to cover this flaw in his rewriting of the statute as follows:

> Accordingly, the FPAA's adjustments are used to determine the partner's tax liability **on each return** in which the partner took advantage of the partnership items adjusted by the FPAA, **prior to filing the complaint**.

(Defendant's Motion at p. 9) (emphasis added). Thus, now Defendant would rewrite section 6226(e) as follows to require a deposit:

> [I]f the amount by which the tax **liabilities** of the partner would be increased if the treatment of partnership items on the partner's **returns filed prior to filing the complaint** were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment. (emphasis added to changes in the actual statutory language).

That would be a very strange statutory provision, but happily Congress did not enact it.

Defendant's argument, and corresponding interpretation of section 6226(e)(1), run contrary to the long standing rule of statutory interpretation that the plain meaning of the statute controls. In *Gitlitz v. Comm'r*, 531 U.S. 206, 213-14 (2001), the Supreme Court rejected the Commissioner's argument where such argument was contrary to the plain language of the statute. Other courts also have specifically stated that "[a]bsent ambiguous language or clearly contrary legislative intent, a statute is construed in accordance with its plain meaning." *Brown v. Sec'y*, 920 F.2d 918, 920 (Fed. Cir. 1990) (citing *Sullivan v. Stroop*, 496 U.S. 478, 482 (1990)); *see also Elec. Sys. Assoc., Inc. v. United States*, 895 F.2d 1398, 1400 (Fed. Cir. 1990); *Bailiss v. Sec'y*, 37 Fed. Cl. 64, 66 (1996) ("Courts must follow the clear intent of Congress absent ambiguous language.") (citing *Gilbert v. Sec'y*, 51 F.3d 254, 257 (Fed. Cir 1995)). Rather than applying the plain meaning of section 6226(e)(1), Defendant is attempting to rewrite the statute, and doing so in a very strange way.

Defendant's motion then misstates the Code in a different way in an attempt to say that if the Service is not allowed to go after years other than the year before the Court, the statute of limitations would prevent the Service from pursuing any later years:

> If a partner's "tax liability" were limited to that for the year in which the FPAA issued, then the bar of the statute of limitations for that year would render the FPAA untimely as to all years in which those partnership items were reported on the partner's returns.

(Defendant's Motion at p. 9.) However, Defendant knows that this is not the situation and, in fact, cites the very cases that make it clear that it is not. Defendant cites *Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324 (2006), and the follow-up to that decision at 77 Fed. Cl. 505 (2007), *J&J Fernandez v. United States*, 2007 WL 1703439 (Fed. Cl.) and *Kligfeld Holdings v. Comm'r*, 128 T.C. 192 (2007). These cases all hold that even if the statute of limitations for assessments has expired on both the partnership's and partner's year in which a transaction took place, the Service can pursue the partner in later years affected by that transaction if the partner's statute is open in those years. Furthermore, there is no reason for Defendant to rely on those cases here. The statute of limitations for the December 31, 2002 tax year and all subsequent tax years was still open for both the partnership and the petitioning partner when the FPAA was issued. Moreover, in the cases cited by Defendant, the Commissioner of the Service proceeded by specifically asserting the tax deficiencies in the specifically-challenged years, thereby allowing the taxpayers to petition courts to review the assertions. Again, that is not the situation here.

In *Grapevine*, the Commissioner issued a notice of final partnership administrative adjustment for the year of the transaction and challenged the next year also. The taxpayer, therefore, put both years in court. In *J&J Fernandez*, notices of final partnership administrative

adjustment were issued for all the years at issue, permitting the taxpayer to challenge all the years. In *Kligfield Holdings*, the Commissioner issued a notice of final partnership administrative adjustment for the year of the transaction and also a notice of deficiency for the later year, thereby allowing the taxpayer to challenge the assertion in the later year. Notably, the FPAA here addresses only the 2002 year and that is the year petitioned to this Court.

Nor is there any prejudice to Defendant by addressing only the year before this Court. Under section 6229(d)(1), when an action is brought under section 6226, such as the action now before this Court, the statute of limitations on assessing tax is suspended for one year after the Court's final determination:

> [T]he running of the period specified in subsection (a) (as modified by the provisions of this section) shall be suspended—(1) for the period during which an action may be brought under section 6226, (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and (2) for 1 year thereafter.

26 U.S.C. § 6229(d)(1).

Defendant next, in Part B of its Motion, contends that other courts have permitted it to change "all of a partner's tax years that result from an adjustment of a partnership item." (Defendant's Motion at p. 15.) Defendant states that multiple courts, including this Court, have interpreted the definition of "tax liability" in section 6231(a)(6) to "encompass adjustments to *all* of a partner's affected tax years as a result of the treatment of a partnership item under the TEFRA provisions." (Defendant's Motion at p. 15.) Defendant focuses on the fact that, pursuant to section 6231(a)(6), the Service may make "computational adjustments" to a partner's tax liability for multiple years.

First, the section Defendant relies on, section 6231(a)(6), only defines a "computational adjustment" and does not purport to deal with when the Service may make such computational

adjustments. In fact, computational adjustments may be made only after the Service's partnership determinations are found to be correct. Even then, if the computational adjustment requires partner level determinations, the adjustment may not be made without the issuance of a statutory notice of deficiency permitting the taxpayer to challenge the adjustment. *See, e.g., Domulewicz v. Comm'r*, 129 T.C. 11, 18-19 (2007). In the instant situation, such a partner level determination would be required. It would be necessary to determine the partner's basis in the partnership, whether the loss reflected in the partner's return was from Kislev or from other sources, and other matters which can only be determined at the partner level.

Moreover, Defendant neglects to say that the cases on which it focuses all permit such "changes" to the partner's tax liability for later years only **after the conclusion of the partnership proceeding.** In the present situation, the partnership proceeding is far from concluded.

Based on this misapplication of statute, Defendant contends that it is entitled to make a computational adjustment to a partner's tax liability "[o]nce a final partnership-level adjustment has been made to a partnership item . . . ." (Defendant's Motion at p. 15.) This is not true! It is not the final partnership-level adjustment (the notice of final partnership administrative adjustment) that entitles Defendant to make computation adjustments, it is the conclusion of the challenge to the notice of final partnership administrative adjustment . . . a default on the part of the partnership, the settlement of the matter or the conclusion of the court proceeding. Furthermore, even then Defendant may only "make a computational adjustment to a partner's tax liability without first issuing a notice of deficiency" unless, as Defendant acknowledges, there is no further factual investigation (at the partner level) required. (Defendant's Motion at p. 6.) Here, even if Defendant had been successful, such an investigation would be required.

Defendant cites for its contention *Olson v. United States*, 37 Fed. Cl. 727 (1997), *aff'd* 172 F.3d 1311 (Fed. Cir. 1999) and *Woody v. Comm'r*, 95 T.C. 193 (1990). In both of these cases the partnership proceeding had been completed by settlement between the government and the taxpayers. Thus, the partnership proceeding was completed, and the issue for other years was whether the computational adjustment required further investigation. These cases certainly do not permit the course of action Defendant contends for here . . . attacking later years while the partnership proceeding is still pending.

Defendant's assertion that the jurisdictional requirement of section 6226(e)(1) requires Plaintiff to deposit amounts owed for taxable years other than the year before the Court is contrary to a plain reading of section 6226(e)(1) and Defendant's regulations. Defendant cannot cite to any statute, regulation or case law that specifically supports its position, and instead must rely on the misapplication of section 6231(a)(6) and miscitation of case law.

Plaintiff has satisfied the jurisdictional deposit requirement by depositing the amount of the tax liability that Mr. Bahar would owe on his 2002 tax return if the adjustments to the FPAA were sustained.

**2. Plaintiff has shown good faith in depositing the amount of tax liability that would be owed if the Court were to sustain the adjustment made by the Service in the FPAA for the tax year before the Court.**

In addition to asserting that Plaintiff failed to satisfy the jurisdictional deposit requirement of section 6226(e)(1), Defendant asserts that Plaintiff should be precluded from curing any shortfall if the Court determines that section 6226(e)(1) requires Plaintiff to deposit the amount of any tax liabilities Mr. Bahar would owe for all tax years if the FPAA adjustments were sustained. Section 6226(e)(1) provides in relevant part:

> The court may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith

> attempt to satisfy such requirements and any shortfall in the amounts required to be deposited is timely corrected.

26 U.S.C. § 6226(e)(1). Defendant asserts that Plaintiff has not acted in good faith, and cites as evidence of Plaintiff's bad faith the disparity between the deposit made by Plaintiff and the deposit that Defendant asserts is appropriate. Defendant's position is that the required deposit amount is $2,905,046, and that the deposit made by Plaintiff represent "a mere .3% of the required amount". (Defendant's Motion at p. 17.) This $2,905,406 amount is equal to the amount of tax liability that the revenue agent at the Service handling the audits of Kislev and Mr. Bahar states would be owed by Mr. Bahar on his tax returns for **2003 and 2005** if the FPAA adjustments were sustained. (Kusmirek Decl. ¶¶ 7-10.) Defendant concedes that the "adjustment to Mr. Bahar's return for the year 2002 does not result in an increased liability for 2002." (Defendant's Motion at p. 6.)

Defendant uses percentages to confuse the issue and argue that Plaintiff has acted in bad faith. The statement that Plaintiff only deposited "a mere .3% of the required amount" certainly sounds damaging. However, Defendant's asserted "required amount" is based on tax liability that would be owed by Mr. Bahar in **2003 and 2005** if the FPAA adjustments were sustained, and there is no existing authority that directed Mr. Bahar to deposit an amount equal to his tax liability for all years. This is not a case where the taxpayer willfully and intentionally disregard existing authority in determining the amount of the deposit. Rather, the jurisdictional deposit was made based on a plain reading of section 6226(e)(1), and the relevant Treasury regulations. As previously pointed out that section requires a deposit of:

> [T]he amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment.

26 U.S.C. § 6226(e)(1). The FPAA adjusted Kislev's 2002 partnership return and Mr. Bahar made his jurisdictional deposit based on the tax liability that would be due on his 2002 tax return if the FPAA adjustments were sustained. More specifically, he made a deposit of the amount by which his tax liability would be increased if the treatment of the partnership items (*i.e.*, the loss on the euro conversion) on his 2002 return were made consistent with the FPAA's disallowance of this loss on the partnership's 2002 return. Mr. Bahar deposited $9,500, and Defendant concedes that Mr. Bahar would have no tax liability for 2002 if the FPAA adjustments were sustained.

As pointed out, Defendant's assertion that the jurisdictional deposit must include not only the tax liability for the year at issue but also all succeeding tax years is contrary to the plain reading of the statue and Defendant's regulations. Thus, Plaintiff made its jurisdictional deposit in good faith based on a plain reading of the relevant authorities.

In trying to counter this, Defendant points to the fact that Plaintiff did not discuss with the revenue agent at the Service the amount of the deposit prior to filing the petition with this Court. The determination as to the proper amount of the jurisdictional deposit necessary was made by Plaintiff's legal counsel. (Wilson Decl. ¶4) In *Maarten Investerings P'ship v. United States*, 2000-1 USTC ¶ 50,241 (SDNY 2000), the United States District Court for the Southern District of New York held that the plaintiff acted in good faith when it made a jurisdictional deposit calculated by the plaintiff's tax professionals. The court specifically held that the plaintiff's failure to discuss with the Service the amount of the jurisdictional deposit was "not indicative of lack of good faith that would divest the Court of jurisdiction under 26 U.S.C. § 6226(e)." *Id.*

Plaintiff made a jurisdictional deposit based on the amount of tax liability that would be due on Mr. Bahar's 2002 tax return if the FPAA adjustments to Kislev's 2002 tax return were sustained. Plaintiff's deposit was consistent with the plain reading of section 6226(e)(1) and the regulations thereunder and Defendant has not identified, nor is Plaintiff aware of, any statute, regulation or case law contrary to Plaintiff's reading of the statute. In addition, the deposit was based on a calculation made by Plaintiff's counsel, and was consistent with the Service's determination as to the amount that would be due for 2002. In fact, Plaintiff deposited more than Defendant admits would be due for 2002. If the Court were to determine that Plaintiff's deposit should include amounts for Mr. Bahar's tax liability for all taxable years, Plaintiff should be permitted to cure the shortfall as Plaintiff acted in good faith in trying to satisfy the jurisdictional deposit requirement.

**3. A shortfall in the jurisdictional deposit is timely corrected if payment is made within 60 to 90 days of the determination of the shortfall.**

The Court has requested that the parties address the issue of when a correction to the deposited amount would be timely made in the event that the Court finds that there is a curable shortfall in the jurisdictional amount Plaintiff identified the same cases as Defendant regarding curing of a jurisdictional deposit shortfall. In *Maarten Investerings P'ship*, 2000-1 USTC ¶ 50,241 (SDNY 2000), the United States District Court for the Southern District of New York permitted the plaintiff 60 days to remedy the jurisdictional deposit shortfall. In *Span Hansa Mgmt. v. United States*, 91-1 USTC ¶ 50,213 (WD Wash. 1991), the U.S. District Court for the Western District of Washington granted the petitioner 90 days to cure the deposit shortfall. Plaintiff believes that providing Plaintiff a period of 60 to 90 days to cure the shortfall, if the Court determines that there is such a shortfall, would be considered a timely correction of the shortfall within the meaning of section 6226(e)(1).

**CONCLUSION**

For the reasons stated above, Plaintiff's $9,500 deposit satisfies the jurisdictional deposit requirement of section 6226(e)(1) and Defendant's Motion to Dismiss the Complaint for lack of subject-matter jurisdiction should be denied.

Respectfully submitted this 16th day of June, 2008.

s/ N. Jerold Cohen__________
N. Jerold Cohen
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8038
Fax: (404) 853-8806
Attorney for Plaintiff

OF COUNSEL:

Lewis S. Wiener
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: (202) 383-0140
Fax: (202) 637-3593

Amanda F. Wilson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8150
Fax: (404) 853-8806

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiff's Reply to Defendant's Answer has been made on June 16, 2008 via the Court's CM/ECF system to:

David R. House
U.S. Department of Justice – Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
David.R.House@usdoj.gov

s/ N. Jerold Cohen
N. Jerold Cohen