No. 07-625 T
(Judge Mary Ellen Coster Williams)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

JOHN DICICCO
Deputy Assistant Attorney General

DAVID GUSTAFSON
DAVID R. HOUSE
STEVEN I. FRAHM
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (Fax)

## TABLE OF CONTENTS

**Page(s)**

**Reply Memorandum in Support of Defendant's Motion to Dismiss** . . . . . . . . . . . . . . . . . . . . 1

**Argument:**

**1. Plaintiff's complaint should be dismissed for failure to make the jurisdictional deposit as required by § 6226(e)(1).** . . . . . . . . . . . . . . . . . . . . . . . . 4

**2. Plaintiff's $9,500 deposit does not correspond to any tax liability resulting from the FPAA's adjustment, and is therefore not a good faith deposit**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**3. A shortfall in the jurisdictional deposit is timely corrected if payment is made within 60 to 90 days of the determination of the shortfall.** . . . . . . . 12

**Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Appendix (Filed Separately)**:

Staff of Joint Comm. on Taxation, 97th Cong., *"Comparative Description of H.R. 6300 and H.R. 5829* (Comm. Print 1982)

Staff of the Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982*, (Comm. Print, 1982)

## TABLE OF AUTHORITIES

**Cases**:

*Bahar, et al. v. United States*, No. 08 CIV 4738 (SDNY May 21, 2008) . . . . . . . . . . . . 10

*Grapevine v. United States*, 71 Fed. Cl. 324 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jade Trading v. United States*, 80 Fed. Cl. 11 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Page**

**Cases (Continuation):**

*Kligfeld Holdings v. Commissioner,* 128 T.C. 192 (2007) . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Maartin Investerings Partnership v. United States*, 2000-1 USTC ¶50-241 . . . . . . . . . . 12

*Olson v. United States*, 37 Fed. Cl. 727 (1997), *aff'd* 172 F.3d 1311 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Span Hansa Management v. United States*, 91- USTC ¶50,213 (WD Wash. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Statutes**:

Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671 . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6213 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 6225 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 6226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

§ 6232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

§ 7422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Miscellaneous:**

Staff of Joint Comm. on Taxation, 97th Cong., "*Comparative Description of H.R. 6300 and H.R. 5829*" (Comm. Print 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Staff of the Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982,* (Comm. Print, 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Treas. Reg. (26 C.F.R.), § 301.6226(e)-2(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-625 T
(Judge Mary Ellen Coster Williams)

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant filed a Motion to Dismiss for lack of jurisdiction because plaintiff has failed to make the jurisdictional deposit required by § 6226(e).[1] Plaintiff filed his response and defendant now replies.

As set forth in the Government's opening brief, this is an action brought pursuant to TEFRA[2], in which a partner seeks to challenge the adjustments made by the IRS in a Notice of Final Partnership Administrative Adjustment, (FPAA), to a partnership's information return

[1]All section references are to the Internal Revenue Code of 1986, 26 U.S.C., unless otherwise designated.

[2]Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671, codified in §§ 6221-6233.

(Form 1065) filed for the period ending December 31, 2002.[3] A partner who wishes to dispute adjustments in an FPAA to a partnership return may file a petition in the Tax Court, federal district court, or the Court of Federal Claims. § 6226. If the petition is filed in the federal district court or the Court of Federal Claims, the petitioning partner must deposit with the Treasury the amount by which his tax liability is increased due to the adjustments made by the FPAA. § 6226(e)(1). There is no deposit requirement for a petition in the Tax Court. (*Id.*) The TEFRA deposit requirements are in keeping with the framework of tax litigation in general: full payment of the tax is required prior to filing a refund suit in the federal district courts or Court of Federal Claims, but payment is not required prior to filing in the Tax Court.[4]

As does Section 7422, Section 6226(e) explicitly provides that a petition in this Court to adjust an FPAA may be filed only if the proper deposit has first been made:

> (1) IN GENERAL.— A readjustment petition under this section may be filed in a district court of the United States or the Court of Federal Claims only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment . . . .

In this case, the FPAA adjusted the partnership return by disallowing losses the partnership reported on the sale of euros. Under Section 6226(e), the jurisdictional deposit is therefore equal to a petitioning partner's increased tax liability resulting from the disallowance of the losses. The petitioning partner here claimed the losses on his individual returns for 2002 through 2005,

---

[3]Although defendant refers in this Memorandum to "partners," the "partnership," and various purported entities, it does so only for convenience and does not concede that, under the applicable law, a viable partnership or the alleged entities existed

[4]Compare Sections 7422, 6213.

and their disallowance resulted in an increased tax liability for the years 2003 and 2005, in the total amount of $2,905,046. Plaintiff, however, paid only a fraction of this amount – $9,500 – and we therefore moved to dismiss.

Plaintiff opposes the Government's motion to dismiss by contending that the required deposit from an FPAA adjustment is not the increased tax to the partner, based on the partner's tax returns. Rather, plaintiff argues that the deposit is determined solely by reference to the partner's return filed for the year for which the FPAA issued. Plaintiff misconstrues Section 6226(e) and its intent.

When it enacted Section 6226(e), Congress stated, and intended, that a petitioning partner wishing to institute a partnership level suit to challenge an adjustment to the partnership's return must first deposit the increased tax liability to the partner resulting from the adjustment. A partner, of course, may benefit from an item claimed on a partnership return in more than one year, and, indeed, may be unable to benefit at all in the year in which the item was reported on the partnership's return.[5] Thus, the increased tax liability to a partner from an adjustment often will be attributable to a partner's tax year(s) other than the partnership's tax year that is the subject of an FPAA.

Plaintiff's various arguments to limit the deposit confuse the nature of a TEFRA action. It is the adjustments made by the FPAA to the *partnership's return* that are at issue in a TEFRA action, and it is those adjustments that are the source of the increased tax liability on which the

---

[5]Moreover, a partner's taxable year may not even coincide with the partnership's taxable year. For example, a partner may be a corporation or another partnership. If the partner's taxable year is different than the partnership's, the effect of an adjustment to the partnership item may span two of the partner's taxable years.

jurisdictional deposit is based. A TEFRA action does not focus, as plaintiff does, on a *partner's taxable year*. Indeed, where a partner was unable to claim the benefit of a partnership loss or other item in the year the partnership reported it, plaintiff's interpretation of Section 6226(e) would turn the Court of Federal Claims, as well as federal district courts, into forums for which no jurisdictional deposit is required, a result that would contravene Congressional intent.

## ARGUMENT

### 1. Plaintiff's complaint should be dismissed for failure to make the jurisdictional deposit as required by § 6226(e)(1).

The parties' dispute focuses on the proper construction of § 6226(e)(1), specifying the amount of the jurisdictional deposit:

> the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment . . . .

The jurisdictional deposit required to invoke the jurisdiction of the Court of Federal Claims and the district courts is consistent with the tax litigation scheme established by Congress wherein the Tax Court is the only court in which a petition may be brought without the prior payment of the tax liability. The legislative history of § 6226(e) confirms this: "A partner filing in any forum other than the Tax Court must first pay the deficiency resulting from adjustments to his return to reflect the FPAA. Other partners where the forum is not the Tax Court, would be subject to assessment and collection."[6]

The calculation of the deposit begins with the treatment of partnership items on the

---

[6]Staff of Joint Comm. on Taxation, 97th Cong., "Comparative Description of H.R. 6300 and H.R. 5829," 40 (Comm. Print May 12, 1982)(App. A, infra).

return, as adjusted by the FPAA. It then continues with the tax effect of the partnership items, so adjusted, on the partner's return. As explained in the Government's opening brief, the adjustments to partnership items increased plaintiff's tax liability on his 2003 and 2005 returns by $2,905,046, and that is, therefore, the proper deposit. Plaintiff paid a mere $9,500.

Plaintiff now argues that the amount of the deposit is restricted to the tax effect of the partnership adjustment for his tax year corresponding to the FPAA – the year 2002. That amount was $0, but plaintiff states that it paid $9,500 "out of an abundance of caution." (Pl. Br. at 4, n. 3.) Plaintiff thus would compute the required deposit by limiting Section 6226(e) to the tax impact (if any) to a partner of an adjustment to a partnership item limited to the partner's tax year coinciding with the partnership's tax year addressed in the FPAA. By limiting the adjustments of partnership items to a single return corresponding to the year of the partnership return adjusted by the FPAA, plaintiff is attempting to graft limiting language onto the statute that does not exist. For plaintiff's interpretation to be proper, the statute would have provided:

> if the treatment of partnership items on the partner's return *filed for the period corresponding to the partnership return* were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment . . .

Plaintiff's additional language results in the possibility that, where none of the disputed partnership items are used on the partner's return filed for the period corresponding to the partnership return adjusted by the FPAA, no deposit is required, despite Congress' express intent for the Tax Court to be the only prepayment forum available. Plaintiff's interpretation of Section 6226(e) also asks this Court to sanction a deposit, $9,500, that measures nothing – certainly not the tax effect to a partner of an adjustment to a partnership's return.

In contrast with plaintiff's view that requires additional words, computing the deposit by

reference to the tax effect of the adjusted partnership items on a partner's filed returns is consistent with the language of Section 6226(e), and the intent of Congress in requiring a deposit, so measured, to invoke the jurisdiction of the Court of Federal Claims is preserved.

Rather than focus on the tax impact to the petitioning partner of the FPAA's adjustment to a partnership item, plaintiff limits his view to a single return of a partner. This turns a TEFRA proceeding on its head. The purpose of a TEFRA proceeding is to determine all common partnership items at the *partnership* level. *Jade Trading v. United States*, 80 Fed. Cl. 11, 59-60 (2007). That determination is made with respect to the Form 1065 filed by the partnership, no matter when the partnership items appear on an individual partner's return.[7] It follows that Section 6226(e) calculates the jurisdictional deposit by reference to the adjustments made by the FPAA to the partnership items as reported by the petitioning partner. The language of Section 6226(e) does not mandate that one ignore the effect of the adjustment if it is to a return for a taxable year other than the partnership's taxable year adjusted by the FPAA. Likewise, the statute does not nonsensically look only to the partner's tax year that corresponds to the partnership year adjusted when there is no tax effect to the partner at all in that year. The most sensible view is that the deposit is calculated by reference to the tax effect to the petitioning partner of the adjustment to the partnership item on each return the partner has filed before instituting suit.

Plaintiff argues that the Government's position that the tax liability is computed with

---

[7]Plaintiff contends, at page 5 of his brief, that "each tax year stands on its own." This is a reference to the individual partner's tax year. Plaintiff's argument fails to take into account that this is a partnership proceeding under TEFRA where the matters at issue are the adjustments to the partnership return.

reference to returns filed as of the date of the complaint is "a very strange statutory provision."[8] There is nothing strange about Section 6226(e) and its reference to treating partnership items "on the partner's return" consistently with the FPAA adjustments. The effect of the FPAA adjustments on each filed return should be calculated and deposited; where a return has not yet been filed, there is not yet an effect of the adjustments and nothing to deposit. The Government's interpretation is in accord with the statute as written.[9]

As discussed in the Government's Motion to Dismiss, *Grapevine v. United States*, 71 Fed. Cl. 324 (2006), involved an FPAA that made adjustments to the partnership's Form 1065 for the year 1999. The adjustments affected the plaintiff-partner's 1999 year and also the 2000 year, due to carryforwards. The petitioning partner made a deposit in the amount of the increase in tax liability resulting from this adjustment for both 1999 and 2000, and the Court stated that this deposit was made "in accordance with Section 6226(e)."[10]

Plaintiff dismisses the Court's conclusion regarding § 6226(e)(1) on the basis that the Commissioner "issued an [FPAA] for the year of the transaction and challenged the next year as well. The taxpayer, therefore, put both years in court."[11] Plaintiff is confusing a partnership level proceeding for a partner level proceeding. *Grapevine* involved a TEFRA suit at the partnership level brought by a representative partner to challenge the IRS's determinations in an

---

[8]Pl Brief at 7.

[9]Plaintiff's reference, at page 6 of his brief, to the regulations is inapposite. The regulation cited by plaintiff, § 301.6226(e)-a(2), does not purport to apply to instances where partnership items affect multiple tax years of the depositing partner.

[10]*Grapevine*, 71 Fed. Cl. 324, 326.

[11]Pl. Brief at 8.

FPAA regarding partnership items. It was not a suit by an individual partner, at the partner level, to determine that partner's tax liabilities for one or more of the partner's tax years. There was only one FPAA, and it addressed the partnership's tax year 1999. Neither the petitioning partner's tax year 1999, nor 2000, was before the Court for resolution. But since the partnership level adjustment that was before the Court affected two filed returns by the petitioning partner, the partner was required to make a deposit in the amount of that tax effect for the two years.

Plaintiff makes the same mistake in his reference to *Kligfeld Holdings v. Commissioner*,[12] 128 T.C. 192 (2007), wherein the IRS issued an FPAA to the partnership for the year 1999. The partnership initiated a TEFRA proceeding in the Tax Court disputing the FPAA. The IRS also issued a statutory notice of deficiency to a partner for the year 2000, based on the adjustments made in the 1999 FPAA. The partner, in a separate partner level proceeding, filed a petition in the Tax Court disputing the 2000 statutory notice of deficiency. Despite plaintiff's claims to the contrary, the statutory notice of deficiency was not at issue in the TEFRA proceeding. In fact, the partnership argued in the TEFRA action that the 1999 FPAA was barred by the statute of limitations, because the partner's *1999* year was also barred. The reference in *Kligfeld* to the partner's 2000 year was solely to determine if *any* year in which the partner took advantage of the 1999 partnership items remained open for assessment. Because his 2000 year remained open for assessment, the 1999 FPAA was timely.[13] The Tax Court in *Kligfeld*, interpreting another subsection of § 6226, held that the tax attributable to an adjustment of partnership items is not just the partner's tax in the same taxable year the partnership reported the item:

---

[12] *Id.*

[13] *Kligfeld*, 128 T.C. 192, 207.

> We agree with the Commissioner that the key language in section 6226(d)(1)(B) is that a partner may be a party to the TEFRA procedure for the period within which '*any tax attributable to such partnership items'* (emphasis added) can be assessed. A tax that is attributable to a particular partnership item need not be reportable by both the partner and the partnership in the same taxable year.[14]

Thus, under Section 6626(d), the timeliness of an FPAA is not dependent solely on the partner's corresponding tax year, and neither is the statutory deposit required by Section 6226(e).

Plaintiff is also mistaken in his understanding of the government's argument regarding the definition of "tax liability" as used in the definition of "computational adjustment" provided by § 6232(a)(6):

> [T]he *change in the tax liability* of a partner which properly reflects the treatment under this subchapter of a partnership item.

As the Government showed in our opening brief, computational adjustments are made to the tax liability of the partner for years in which the partnership items were used, regardless of whether the partner's year coincided with the year for which the FPAA issued.[15] Thus the term "tax liability," as used in TEFRA provisions, extends to each of the partner's years in which the partnership items adjusted by the FPAA were used. Likewise, the term "tax liability" as used in § 6226(e)(1), should be read to encompass the liability on all returns filed by the partner in which partnership items adjusted by the FPAA were used.

Plaintiff contends on this point that computational adjustments "may be made only after the Service's determinations are found to be correct."[16] Even if this proposition is correct as a

---

[14]*Kligfeld*, 128 T.C. 192, 204.

[15]*See, e.g.*, *Olson v. United States*, 37 Fed. Cl. 727, 732 (1997), *aff'd* 172 F.3d 1311 (Fed. Cir. 1999).

[16]Pl. Brief at 10.

matter of law, and it is not, the jurisdictional deposit provision of § 6226(e)(1) presumes for purposes of the calculation that the adjustments made by the FPAA are correct. Thus, there is no need for a final adjudication of the FPAA to determine the amount of the tax liability for purposes of the deposit required by § 6226(e)(1). Further, plaintiff's contention is wrong as a matter of law. Where a partner has filed in the appropriate district court, or the Court of Federal Claims, an assessment of a deficiency attributable to any partnership item may be made after 150 days from the issuance of the FPAA. § 6225(a). Only where a petition is filed in Tax Court is the assessment of a deficiency stayed pending final decision of that Court. *Id.* This is consistent with the legislative history of § 6226:

> . . . However, if, upon expiration of the 150 day filing period, no Tax Court petition is filed, the Secretary may assess any deficiency of the depositing partner resulting from the FPAA and apply such deficiency against the deposited amount. Likewise, the Secretary may assess and collect any deficiencies of other partners resulting from the FPAA if jurisdiction is established in the district court or Claims Court pending a decision on the merits. . . .[17]

Thus, plaintiff's assertion that no assessment may be made until after the TEFRA proceeding is final is incorrect.[18]

---

[17]Staff of the Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982,* (Comm. Print, p.272)(App. A, infra).

[18]Plaintiff, and other partners of Kislev, have filed an injunction action in the United States District Court for the Southern District of New York, seeking to enjoin collection on assessments made with respect to adjustments of partnership items in the FPAA which is the subject of this action. *Bahar, et al. v. United States,* No. 08 CIV 4738 (SDNY May 21, 2008).

**2. Plaintiff's $9,500 deposit does not correspond to any tax liability resulting from the FPAA's adjustment, and is therefore not a good faith deposit.**

Plaintiff asserts that his deposit amount was computed in good faith and that it should be allowed to timely deposit any shortfall in accordance with Section 6226(e)(1), as calculated by his counsel. Plaintiff claims that his deposit was "based" on a calculation made by plaintiff's counsel. (Pl. Br. at 14.) Although plaintiff asks this Court to declare that deposit is a good faith effort, it does not share the "calculation" with defendant or the Court. Plaintiff does not even represent that the $9,500 deposited is at least equal to the amount counsel purportedly calculated. Rather, plaintiff asserts that it exceeds the amount ($0) defendant has determined is the effect on him of the partnership item adjustments for 2002.[19] Thus, the record is devoid of any indication that the $9,500 plaintiff deposited is in any way connected to the increased tax liability for 2002, or any other year, resulting from the FPAA's adjustment to partnership items. Plaintiff's $9,500 is simply an arbitrary and nominal sum that fails to satisfy Section 6226(e). It is not a good faith estimate of the jurisdictional deposit.[20]

---

[19]Plaintiff also does not dispute that, if the increase in tax liability for later years for which a return was filed is computed in accordance with the adjustments made by the FPAA, his deposit is $2,895,546 less than required. As we have explained, the Section 6226(e) deposit focuses on the partner's increased tax liability resulting from the adjustment of a partnership item, and the most reasonable interpretation of that language is not plaintiff's which limits the inquiry to the partner's tax year corresponding to the partnership year addressed in the FPAA.

[20]If the Court were to embrace plaintiff's view that only the partner's corresponding tax year should be considered; that a small remittance should be accepted as a good faith deposit when the tax effect for the year is $0, and that substantial, known tax effects for later tax years should be ignored, it would contravene Congress' evident purpose of Section 6226(e). It often would be a simple matter to select a partner to file the complaint challenging an FPAA who was unable to claim tax benefits in the year the partnership reported them. If little or no deposit were required in such circumstances, it would gut Congress' intent to have only the Tax Court as a prepayment forum, and to require a deposit of the tax increase due the adjustment to partnership

**3. A shortfall in the jurisdictional deposit is timely corrected if payment is made within 60 to 90 days of the determination of the shortfall.**

The Court has requested that the Government address the issue of when a correction to the deposited amount would be timely, in the event the Court finds the deposit, though insufficient, was made in good faith. As set forth in the Government's opening brief, the only cases to address the subject located by Government's counsel indicates that a shortfall in the jurisdictional deposit is timely corrected if payment is made within 60-90 days of the determination of the shortfall.[21]

items be the prerequisite for jurisdiciton in the Court of Federal Claims and the district courts.

[21]*Maartin Investerings Partnership v. United States*, 2000-1 USTC ¶50-241 (SDNY 2000) (60 days to correct shortfall); *Span Hansa Management v. United States*, 91-USTC ¶ 50,213 (WD Wash. 1991)(90 days to correct shortfall).

**CONCLUSION**

For the reasons stated above, and in the Government's Motion to Dismiss and Memorandum in Support, the plaintiff's $9,500 deposit fails to satisfy the jurisdictional deposit requirement of § 6226(e)(1), and the complaint should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

July 14, 2008

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366 - telephone
(202) 514-9440 - facsimile
David.R.House@usdoj.gov

JOHN DICICCO
Deputy Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
July 14, 2008 Of Counsel