No. 07-625 T
(Judge Mary Ellen Coster Williams)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**APPENDIX TO REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

NATHAN J. HOCHMAN
Assistant Attorney General

DAVID GUSTAFSON
DAVID R. HOUSE
JOSEPH SYVERSON
STEVEN I. FRAHM
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (Fax)

[JOINT COMMITTEE PRINT]

# GENERAL EXPLANATION

OF THE

# REVENUE PROVISIONS OF THE TAX EQUITY AND FISCAL RESPONSIBILITY ACT OF 1982

(H.R. 4961, 97TH CONGRESS; PUBLIC LAW 97-248)

PREPARED BY THE STAFF OF THE

JOINT COMMITTEE ON TAXATION

DECEMBER 31, 1982

U.S. GOVERNMENT PRINTING OFFICE

11-324 O WASHINGTON : 1983 JCS-38-82

For sale by the Superintendent of Documents, U.S. Government Printing Office
Washington, D.C. 20402

***Right to participate***

Each partner with an interest in the outcome shall be treated as a party to the action and will be allowed by the court to participate in the action. A partner does not have an interest in the outcome after partnership items as to such partner become nonpartnership items (under sec. 6231(b)), or the period for assessment with respect to partnership items of such partner has expired.

***Deposit requirement where action in district court or Claims Court***

As a condition to filing a petition in either the appropriate district court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Secretary the amount by which such partner's tax liability would be increased if treatment of partnership items on the partner's return were made consistent with the partnership return as adjusted by the FPAA. The court may by order determine that this jurisdictional requirement is satisfied if a good faith effort to comply was made and any shortfall in the amount required to be deposited is timely corrected.

The amount required to be deposited will be refunded upon request of the depositing partner if jurisdiction to proceed is established in the Tax Court. However, if, upon expiration of the 150 day filing period, no Tax Court petition is filed, the Secretary may assess any deficiency of the depositing partner resulting from the FPAA and apply such deficiency against the deposited amount. Likewise, the Secretary may assess and collect any deficiencies of other partners resulting from the FPAA if jurisdiction is established in the district court or Claims Court pending a decision on the merits.

Any amount required to be deposited shall, while deposited, be treated as a payment of tax only for purposes of Chapter 67, relating to interest.

***Scope of judicial review***

The court acquiring jurisdiction of a partnership proceeding shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the FPAA relates and the proper allocation of such items among the partners. The court's decision has the effect of a final decision of the Tax Court or a final judgment or decree of the district court or Claims Court and will be reviewable if review is sought by the TMP, a notice partner, or a 5-percent group.

Dismissal of an action, other than a dismissal for lack of jurisdiction, shall be considered a decision that the FPAA is correct.

***Request for administrative adjustment***

***General rule***

A partner may file a request for administrative adjustment (RAA) of partnership items for a partnership taxable year within 3 years after the partnership return was filed (or, if later, the last day for filing such return, determined without extension) and

[JOINT COMMITTEE PRINT]

# COMPARATIVE DESCRIPTION

OF

# H.R. 6300

# (THE TAX COMPLIANCE ACT OF 1982)

AND

# H.R. 5829

# (THE TAXPAYER COMPLIANCE IMPROVEMENT ACT OF 1982)

SCHEDULED FOR A HEARING BEFORE THE
COMMITTEE ON WAYS AND MEANS
ON MAY 18, 1982

---

PREPARED BY THE STAFF OF THE

JOINT COMMITTEE ON TAXATION

MAY 12, 1982

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1982

93-590 O

JCS—13—82

*Return filing requirements*

Partnerships would continue to file information returns and notify each partner of that partner's share of partnership income, loss, etc. Partners generally would be required to file returns consistent with the partnership return or notify the IRS of the inconsistency. The IRS would be precluded from adjusting consistently reported items without a partnership proceeding. If a partner notifies the IRS of the inconsistent treatment of an item, the IRS may deal separately with that partner, as under existing law, or start a partnership proceeding. Failure to notify would allow the IRS to automatically assess and collect any tax attributable to the inconsistency.

*Administrative proceeding*

A partnership level administrative proceeding would go through the same process of examination, audit, appeal, settlement, notice of final determination, etc., that generally applies to a tax audit. All partners would be notified by the IRS of the commencement of a partnership administrative proceeding, would be eligible to participate in the proceeding, and would be given notice by the IRS of the final partnership administrative adjustment [FPAA]. Where the partnership return lists more than 100 partners, the IRS would be required to provide notice only to partners with an interest in partnership profits of one percent or greater. A tax matters partner [TMP] would be designated (normally by the general partners, otherwise as prescribed) and would receive notice on behalf of other partners and be required to notify them of the commencement of a proceeding and notice of a FPAA. However, a notice group with an aggregate interest of 5 percent or more in partnership profits may designate a representative in lieu of the TMP to receive notice of a FPAA. The TMP would notify all partners of significant events during the course of an audit, such as conferences, settlement offers, etc.

*Settlements*

The IRS must, upon settlement with any partner, offer consistent settlement terms to all other partners. The TMP may enter into a binding settlement on behalf of non-notice partners who have not formed a notice group, unless the non-notice partner notifies the IRS that the TMP is not authorized to act on his behalf.

*Effect of final partnership administrative adjustment*

The FPAA is binding on all partners (unless they are subject to separate proceedings under other portions of the proposal) if a petition for judicial review is not filed within 150 days. The IRS may thereafter, generally within a period of one year, assess any resulting adjustments to the partners' tax liability.

*Judicial review of FPAA*

Within 90 days after notice of a FPAA, the TMP may file a petition for judicial review. Other partners may not file suit during the 90-day period. Upon expiration of the 90 days, if the TMP does not file a petition, any other partner may file.

Petition may be filed in the Tax Court, the district court for the district in which the partnership has its principal place of business, or the Court of Claims. Only one court acquires jurisdiction and the choice of forum by the TMP always governs. Otherwise, if a petition

is filed in the Tax Court, the Tax Court becomes the forum. Otherwise, the earliest filed petition determines whether the forum is the district court or the Court of Claims. A partner filing in any forum other than the Tax Court must first pay the deficiency resulting from adjustments to his return to reflect the FPAA. Other partners, where the forum is not the Tax Court, would be subject to assessment and collection.

*Administrative adjustment requests*

The bill provides for an Administrative Adjustment Request (AAR) to be filed within 3 years of the due date for the partnership return. An AAR functions as does a claim for refund. When it is filed by the TMP, it is filed on behalf of all the partners and the IRS may proceed to allow it and grant refunds or institute a partnership proceeding. Failure by the IRS to act within 6 months would enable the partnership to file suit. Petition could be filed in the Tax Court, the Court of Claims, or the appropriate district court and the scope of judicial review would be limited to disallowed items to which the AAR relates. If an AAR is filed by any other partner, unless the IRS commences a partnership audit, it functions as a claim for refund and the IRS may process it as an ordinary claim for refund. If the IRS disallows the request or fails to act, the items to which the request relates are treated as nonpartnership items and the partner may file a refund suit pursuant to section 7422, as under existing law. No suit based on an AAR may be started after the IRS has mailed notice of the commencement of a partnership proceeding (claims made in an AAR would be part of such proceeding).

*Statute of limitations*

Generally, the period of limitations for assessments attributable to partnership items would be 3 years from the filing of the partnership return, extended by the period during which suit may be filed, by the pendency of court proceedings, and for one year thereafter. The assessment period will not expire with respect to any partner, if the IRS has mailed a timely notice of FPAA, until one year after the IRS is furnished the partner's name and address. For fraud, the period of limitations would be unlimited for partners participating in the fraud and the 3-year period would be 6 years for all other partners. For omissions of 25 percent or more of partnership income, the 3-year period would be extended to 6 years. The limitations period otherwise applicable could be extended by agreement (the TMP would be authorized to enter into an extension agreement on behalf of all partners).

*Other matters*

(*1*) *Multi-tiered partnerships and pass-through partners.*—Where one partnership (or a trust or subchapter S corporation) holds an interest in another partnership that is the subject of a partnership proceeding, the taxpayer whose liability is affected by the partnership determination is not the immediate partner. If such indirect partners are properly identified and their profits interests disclosed with the partnership return (or thereafter, pursuant to regulation), the IRS will deal with them as the parties in interest for all purposes of the proposals. Otherwise, such indirect partners are bound by any action taken with respect to the pass-through partner.