**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

---

N. JEROLD COHEN
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Tel: (404) 853-8038
Fax: (404) 853-8806

ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Lewis S. Wiener
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: (202) 383-0140
Fax: (202) 637-3593

Amanda F. Wilson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8150
Fax: (404) 853-8806

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......... ii

STATEMENT OF FACTS .......... 2

ARGUMENT AND CITATION OF AUTHORITY .......... 4

A. Plaintiff satisfies the legal standard for a motion for reconsideration. .......... 4

1. The application of the general rule that the singular includes the plural was not made by Defendant and addressed by either party; the application of that rule to Code section 6226(e)(1) is inconsistent with the statutory framework of TEFRA. .......... 5

2. The application of the rule that the singular includes the plural to Code section 6226(e)(1) is contrary to the basic statutory premise of this section. .......... 11

B. Plaintiff satisfies the legal standard for a motion for certification for interlocutory appeal. .......... 13

CONCLUSION .......... 14

APPENDIX (FILED SEPARATELY)

Staff of Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions the Tax Equity and Fiscal Responsibility Act of 1982* (Comm. Print 1982)

## TABLE OF AUTHORITIES

### CASES

*Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275 (2003) .......... 14

*Ammex, Inc. v. United States*, 52 Fed. Cl. 555 (2002), *aff'd*, 384 F.3d 1368 (Fed. Cir. 2004) .......... 4

*Bishop v. United States*, 1992 U.S. Cl. Ct. LEXIS 322 (1992) .......... 4

*Comm'r v. Sunnen*, 333 U.S. 591 (1948) .......... 7

*First Nat'l Bank v. Missouri*, 263 U.S. 640 (1924) .......... 5, 6

*Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) .......... 4

*Maxwell v. Comm'r*, 87 T.C. 783 (1986) .......... 9

*Metallics Recycling Co. v. Comm'r*, 79 T.C. 730 (1982), *aff'd* 732 F.2d 523 (6th Cir. 1984) .......... 6

*N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741 (1987) .......... 8

*Prati v. United States*, 82 Fed. Cl. 373 (Fed. Cl. 2008) .......... 4

*Vereda, Ltda. v. United States*, 46 Fed. Cl. 569 (2000) .......... 14

### STATUTES

1 U.S.C. § 1 .......... *Passim*

26 U.S.C. § 6213(a) .......... 9

26 U.S.C. § 6226(a) .......... 11

26 U.S.C. § 6226(d)(2) .......... 11, 12

26 U.S.C. § 6226(e)(1) .......... *Passim*

26 U.S.C. § 6229(a) .......... 8

26 U.S.C. § 6229(d)(1) .......... 8

26 U.S.C. § 6226(f) .......... 9

26 U.S.C. § 6230(a)(1) .......... 8

26 U.S.C. § 6230(a)(2)(A) ....................8, 9

26 U.S.C. § 6231(a)(2)....................2

26 U.S.C. § 6231(a)(5)....................8

26 U.S.C. § 6231(a)(6)....................8

26 U.S.C. § 6231(a)(8)....................2

26 U.S.C. § 7422(a) ....................7

28 U.S.C. § 1292(d) ....................1, 13

28 U.S.C. § 1346(a) ....................7

28 U.S.C. § 1491(a). ....................7

Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671....................2

**RULES**

CT. FED. CL. R. 59....................1, 4

**MISCELLANEOUS**

Staff of Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions the Tax Equity and Fiscal Responsibility Act of 1982* (Comm. Print 1982) ....................6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-625 T
(Judge Mary Ellen Coster Williams)

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Plaintiff files this memorandum in support of its motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims respectfully requesting the Court reconsider its August 5, 2008 Opinion and Order (the "Opinion") holding that Plaintiff failed to satisfy the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1).[1] Alternatively, Plaintiff respectfully requests that, pursuant to 28 U.S.C. § 1292(d), this Court enter an order certifying its Opinion for interlocutory review.

Plaintiff asks for this relief in light of the fact that the Court based its ruling on grounds that were not argued by Defendant or briefed by either party. Had Plaintiff been provided with

[1] Unless otherwise noted, all references to sections shall refer to sections of the Internal Revenue Code of 1986 (the "Code"), Title 26 of the United States Code, as amended and in effect during the relevant period.

the opportunity to address the grounds upon which the Court based its decision, Plaintiff would have established that the general rule of 1 U.S.C. § 1 (words used in the singular may include the plural) does not apply in this case. The application of this rule to Code section 6226(e)(1) is inconsistent with TEFRA[2] and strips Plaintiff's petitioning partner of statutory rights and protections provided under TEFRA in violation of the petitioning partner's due process rights.

**STATEMENT OF FACTS**

Prior to filing the petition with this Court, Mr. Bahar deposited $9,500 with the government to satisfy the jurisdictional deposit requirement of Code section 6226(e)(1). (Am. Compl. ¶ 9.) This deposit reflected Plaintiff's calculation of his tax liability for 2002 if the FPAA adjustments were sustained.[3] (Plaintiff's Response to Defendant's Motion to Dismiss

---

[2] Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671, codified in Code sections 6221-6233.

[3] Kislev converted €1,377,500 into United States dollars in 2002 (Am. Compl. ¶ 23.), recognizing an ordinary loss of $140,636,109 on the conversion that was reported on its 2002 income tax return, Form 1065. (Am. Compl. ¶¶ 24, 27.) The Service issued a notice of final partnership administrative adjustment dated March 28, 2008 (the "FPAA") disallowing the loss for Kislev's taxable year ending December 31, 2002. (Am. Compl. ¶¶ 8, 30.)

Mr. Bahar, through his wholly-owned limited liability company, Bahar-USA Developments LLC ("Bahar-USA"), is a partner in Kislev within the meaning of section 6231(a)(2) and is a notice partner within the meaning of section 6231(a)(8). Bahar-USA is disregarded as an entity separate from Mr. Bahar for federal income tax purposes and thus for such tax purposes he, rather than his limited liability company, is regarded as the partner in Kislev. (Am. Compl. ¶ 2.) A portion of the Kislev loss from the 2002 conversion of the euros was allocable to Mr. Bahar as a partner in Kislev. Mr. Bahar did not have sufficient basis in his Kislev interest to claim his entire allocable share of the loss in 2002 and accordingly, only reported $655,188 of his allocable share on his 2002 individual income tax return, Form 1040. (Am. Compl. ¶ 28.) The remaining portion of Mr. Bahar's allocable share of the 2002 Kislev loss was available to be carried forward to future years. Mr. Bahar utilized a portion of his carry forward of the 2002 Kislev loss on his individual income tax returns for the taxable years 2003 through 2005. (Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to RCFC 12(b)(1) and Memorandum in Support at pp. 6-7.)

Plaintiff's Complaint Pursuant to RCFC 12(b)(1) and Memorandum in Support at p. 4.) Defendant averred that Plaintiff failed to satisfy the jurisdictional deposit requirement of Code section 6226(e)(1) in that Plaintiff's jurisdictional deposit also should take into account Mr. Bahar's tax liability for the 2003 through 2005 taxable years as though its FPAA adjustments were upheld, and not solely Mr. Bahar's tax liability for the 2002 taxable year of the FPAA. (Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to RCFC 12(b)(1) and Memorandum in Support at pp. 8-9.)

In its Opinion, the Court held that, in calculating the jurisdictional deposit amount required by Code section 6226(e)(1), the petitioning partner must calculate his increased tax liability for all years in which his individual returns could be affected by adjustments to partnership items in the FPAA. (Opinion at p. 6.) In reaching this conclusion, the Court applied the general rule of 1 U.S.C. § 1 that legislative terms that are singular in form may include the plural and held that the term "return" in Code section 6226(e)(1) [4] includes the term "returns". (Opinion at p. 5.) The Court thus held that the required deposit must include amounts on all of the petitioning partner's tax returns that would be affected if Defendant's FPAA adjustments were correct. The Court held that Plaintiff failed to satisfy the jurisdictional deposit requirement of Code section 6226(e)(1), but that Plaintiff had made a good faith effort to satisfy the

---

4 Code section 6226(e)(1) states:

> A readjustment petition under this section may be filed in a district court of the United States or the Claims Court only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment.

26 U.S.C. § 6226(e)(1).

requirement. The Court therefore provided Plaintiff with 60 days to make an additional deposit to cure the shortfall. (Opinion at p. 7.)

## ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff satisfies the legal standard for a motion for reconsideration.

Rule 59(a) provides that the Court may grant a "new trial or rehearing or reconsideration . . . to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." To prevail, a motion for reconsideration must be based "upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000). The movant must also show that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or, (c) that the motion is necessary to prevent manifest injustice. *See Prati v. United States*, 82 Fed. Cl. 373 (Fed. Cl. 2008) (citing *Bishop v. United States*, 1992 U.S. Cl. Ct. LEXIS 322 (1992)). "A court, therefore, will not grant a motion for reconsideration if the movant merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court." *Prati*, 82 Fed. Cl. 373 (citing *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002), *aff'd*, 384 F.3d 1368 (Fed. Cir. 2004) (internal quotation marks omitted).

For the reasons set forth below, Plaintiff satisfies the burden for a motion for reconsideration, as the motion is necessary to prevent manifest injustice. Plaintiff is not seeking to reassert arguments previously made by the parties which were carefully considered by the Court. Rather, the Court based its ruling on grounds that were not argued by Defendant or briefed by either party. Had Plaintiff been provided with the opportunity to address the grounds

upon which the Court based its decision, Plaintiff would have established why the general rule of 1 U.S.C. § 1 does not apply in this case. The application of this rule to Code section 6226(e)(1) is inconsistent with TEFRA and strips Plaintiff's petitioning partner of statutory rights and protections provided under TEFRA in violation of the petitioning partner's due process rights. Plaintiff's motion is necessary to prevent this manifest injustice.

**1. The application of the general rule that the singular includes the plural was not made by Defendant and addressed by either party; the application of that rule to Code section 6226(e)(1) is inconsistent with the statutory framework of TEFRA.**

In rendering its Opinion, the Court relied on 1 U.S.C. § 1. (Opinion at p. 5.) This statutory provision states the general rule that, in determining the meaning of any Act of Congress, unless the context indicates otherwise, words importing the singular include the plural. 1 U.S.C. § 1. While Plaintiff recognizes the validity of this rule as a general matter, Plaintiff respectfully disagrees with the Court's application of it to the term "return" in Code section 6226(e)(1), as the result is contradictory to the statutory framework and intent of TEFRA. In considering the predecessor to 1 U.S.C. § 1, the Supreme Court specifically stated that this general rule was not to be applied except where necessary to carry out the evident intent of the statute:

> Strictly, the latter provision, employing, as it does, the article "an," to qualify words in the singular number, would confine the association to one office or banking house. We are asked, however, to construe it otherwise in view of the rule that "words importing the singular number may extend and be applied to several persons or things." Rev. Stats., § 1. ***But obviously this rule is not one to be applied except where it is necessary to carry out the evident intent of the statute.***

*First Nat'l Bank v. Missouri*, 263 U.S. 640, 657 (1924) (emphasis added).

The application of this rule, and the Supreme Court's limitation on the application of this rule, have been considered by courts in the tax area. In *Metallics Recycling Co. v. Comm'r,* the Tax Court considered the application of this rule to Code section 52 and stated:

> Title 1, section 1 of the U.S. Code does not support respondent's position. It does not state a mandatory rule of construction. Rather, it provides that use of the singular *may* apply to the plural as well. As the Supreme Court held in *First National Bank v. Missouri*, 263 U.S. 640, 657 (1924), "this rule of [1 U.S.C. sec. 1] is not one to be applied except where it is necessary to carry out the evident intent of the statute." Thus, whether the rule of 1 U.S.C. sec. 1 is to be applied to section 52(c) depends upon congressional intent in enacting the new jobs credit generally, and section 52(c) particularly.

79 T.C. 730, 738 (1982) (emphasis in original); *aff'd,* 732 F.2d 523 (6th Cir. 1984) (stating that the "Tax Court correctly held that Title 1, Section 1 of the Code does not state a mandatory rule of construction and that the applicability of Section 52(c) to the facts of the present case turns on the congressional intent underlying the new jobs tax credit and the limitations thereto prescribed by Congress. See *First National Bank v. Missouri,* 263 U.S. 640, 657, 68 L. Ed. 486, 44 S. Ct. 213(1924)".)

Thus, in determining whether to apply the rule of 1 U.S.C. § 1, the question is whether the rule must be applied to carry out the evident intent of the statute at issue. The purpose of TEFRA was to permit the tax treatment of partnership items to be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners. *See* Staff of Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions the Tax Equity and Fiscal Responsibility Act of 1982*, p. 268 (Comm. Print 1982). (App. A.) Prior to TEFRA, the Service had to proceed against each partner individually resulting in "duplication of manpower and administrative and judicial effort". *Id.* at 268. Without the provisions of TEFRA, if the Service disallowed an item that would be a partnership item under TEFRA, the partner challenging the adjustment would only have to pay the amount claimed by

the Service, file a claim for refund, and then file a complaint in the Court of Federal Claims or appropriate district court. 26 U.S.C. § 7422; 28 U.S.C. §§ 1346(a) and 1491(a). The partner would only be required to pay the amount of tax in the year of the initial challenge, and not any amount for subsequent tax years. TEFRA was not intended to, and did not, change that. In the present case, the application of 1 U.S.C. § 1 was not necessary to carry out the intent of the statute. Rather, its application frustrates and contradicts the framework and intent of TEFRA.

The Court's application of this general rule to the term "return" in Code section 6226(e)(1), such that the calculation of a partner's tax liability is held to include the partner's tax liability for multiple tax years, is not necessary to carry out the evident intent of Congress in enacting TEFRA.[5] TEFRA was enacted to require partnership issues to be tried in a unified proceeding whether that was in the Tax Court or in a refund jurisdiction such as the Court of Federal Claims. It specifically offered the same forums for resolving disputes as were available prior to its enactment. Nothing in TEFRA indicates an intention to make it more difficult for such matters to be resolved in a refund forum by requiring deposits covering potential liabilities in multiple future years.

Furthermore, the application of the rule in this case is inconsistent with the statutory framework and protections of TEFRA. Code section 6221 provides the general rule that "the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level." The partnership level proceeding serves to address the proper treatment

---

[5] Rather, the application of this rule overrides and contradicts a fundamental tax principle of the Code that each taxable year stands on its own. *See Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948) ("Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action."). (Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to RCFC 12(b)(1) and Memorandum in Support at pp. 5-7.)

of the FPAA's adjustment of partnership items. Once the partnership level proceeding is completed, TEFRA provides the mechanism for making adjustments at the partner level to the extent that items on the partners' returns are impacted by the final determination of the treatment of the partnership items (such impacted items are "affected items"). 26 U.S.C. §6231(a)(5). If the impact is merely computational and no partner level factual determinations are required (*e.g.*, a change in a partner's deduction for medical expenses resulting from adjustments to adjusted gross income), the Service may assess the taxes attributable to that computational adjustments without issuing a notice of deficiency to the partner. 26 U.S.C. §§ 6230(a)(1), 6231(a)(6); *N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741, 744 (1987). If the impact on the partner's return requires factual determinations to be made at the partner level, the Service must issue a notice of deficiency before assessing the partner for any tax liability attributable to such affected item. 26 U.S.C. § 6230(a)(2)(A); *N.C.F. Energy*, 89 T.C. at 744. A special statute of limitations is provided to enable the Service to make the assessments after the partnership level proceeding is complete. Code section 6229(d)(1) states that, when an action is brought under Code section 6226, such as the action now before this Court, the statute of limitations on assessing tax is suspended for one year after the Court's final determination:

> [T]he running of the period specified in subsection (a) (as modified by the provisions of this section) shall be suspended—(1) for the period during which an action may be brought under section 6226, (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and (2) for 1 year thereafter.

26 U.S.C. § 6229(d)(1). The period specified in subsection (a) is the period for assessing any tax imposed on any person that is attributable to a partnership item or affected item. 26 U.S.C. § 6229(a).

Thus, TEFRA contains a mechanism for assessing partners in later years for taxes attributable to the final determination of the partnership items, and provides a special statute of limitations so that the Service may make these assessments. By requiring petitioning partners to deposit the tax liability for all years potentially impacted by the FPAA adjustments, the Court has moved the mechanism for making these adjustments and determinations at the partner level from **after** the partnership proceeding to **before** the partnership proceeding. This puts the cart before the horse.[6]

This also strips the petitioning partner of rights specifically afforded under TEFRA. TEFRA provides that Subchapter B of Chapter 63 [Code sections 6211 through 6220] shall apply to deficiencies attributable to affected items that require partner level determinations. 26 U.S.C. § 6230(a)(2)(A). Specifically, Code section 6213(a) provides that there can be no assessment of a deficiency without the Service first issuing the taxpayer a notice of deficiency, which the taxpayer may challenge by filing a petition in the Tax Court. 26 U.S.C. § 6213(a).

Applying these provisions to this case, if the Court were to uphold Defendant's FPAA adjustments, then upon the conclusion of the Kislev proceeding, the Service would have to conduct partner level proceedings to determine the effect of the disallowance of the 2002 loss. The partner level proceeding would be necessary as carryforward losses constitute affected items for which partner level determinations are required. *See Maxwell v. Comm'r*, 87 T.C. 783 (1986) (holding that carryback losses are affected items). The Service would need to determine each

[6] This also would greatly expand the Court's jurisdiction. The government and the taxpayer could well disagree as to the effect (*i.e.*, the amount of the tax liability) of the Court's potential affirmance of the FPAA adjustments. The Court would be required to resolve this with respect to a multitude of years after the year before the Court. To do this would require resolution of a number of non-partnership issues in those years. Clearly, this goes way beyond the intent of TEFRA and, indeed, may not be permissible under provisions which restrict the Court's consideration to partnership items. *See, e.g.*, 26 U.S.C. § 6226(f).

partner's basis in the partnership, whether the loss reflected on each partner's return was from Kislev or from other sources, and other matters which can only be determined at the partner level. The Service would then be required to issue notices of deficiencies to each partner for each of the subsequent taxable years to the extent that a portion of the 2002 Kislev loss carryforward was utilized by the partner in that year. The partners would then have the opportunity to challenge the partner level determinations, specifically the notices of deficiency, in the Tax Court.

However, by holding that Code section 6226(e)(1) requires the petitioning partner to calculate his tax liability for all subsequent years, the Court has denied the petitioning partner his right to challenge the partner level determinations in the Tax Court should this Court ultimately uphold the FPAA adjustments. For, if the petitioning partner is required to deposit with Defendant the tax liability for all returns in which a portion of the 2002 Kislev loss was claimed, the petitioning partner would have no tax liability for these later years once the partnership proceeding is completed. Defendant would have seized the deposit and applied it to satisfy Mr. Bahar's asserted tax liability for the later years. Accordingly, there would be no deficiency, no issuance of a notice of deficiency, and no right to challenge the notice of deficiency in the Tax Court. Instead, there would be an immediate adjustment and assessment, and no right to challenge either in one of the forums provided for under TEFRA. The result is that the petitioning partner has been stripped of statutory protections and rights provided under TEFRA in violation of his due process rights.

**2. The application of the rule that the singular includes the plural to Code section 6226(e)(1) is contrary to the basic statutory premise of this section.**

In concluding that the rule of 1 U.S.C. § 1 should be applied to Code section 6226(e)(1), the Court stated:

> As Defendant posits, the overarching statutory requirement is that the total "tax liability" be deposited as a jurisdictional prerequisite to maintaining suit in this forum. This fundamental requirement that the partner's total "tax liability" resulting from the FPAA be deposited trumps the use of the singular form of "return", which might otherwise suggest limiting the deposit to the amount reflected on a single year's return. While much of the time a partner's tax liability resulting from an FPAA may be reflected in the single "return" covering the same year as the FPAA, this – as the instant case illustrates – will not always be the case. Plaintiff's interpretation that it need only deposit the tax liability for the single year in which the FPAA was issued would stand the statute on its head, since the petitioning partner has incurred no tax liability for the year of the FPAA and would require no deposit in contradiction to the basic statutory premise.

(Order and Opinion p. 7) (emphasis in original). The Court finds objectionable the fact that restricting the term "return" to its singular form would result in instances where there is no tax liability for the petitioning partner. The Court finds that this would stand Code section 6226 on its head and would be contrary to the basic statutory premise that there must be a tax liability for which a deposit has been made for a petition to be filed in the Court of Federal Claims. However, this is not a basic statutory premise of the Code section 6226. Code section 6226 specifically allows for situations in which a petition may be filed in a refund jurisdiction by a partner where the partner has no tax liability.

Code section 6226(a) provides that the tax matters partner may file a petition for a readjustment of partnership items in the Tax Court, the appropriate district court, or the Court of Federal Claims, within 90 days of the issuance of the notice of final partnership administrative adjustment. 26 U.S.C. § 6226(a). While Code section 6226 requires certain partners to have an interest in the outcome of the partnership proceeding for those partners to be eligible to file a

petition challenging a readjustment of partnership items, this requirement does not apply to petitions filed by tax matters partners under Code section 6226(a). 26 U.S.C. § 6226(d)(2). A tax matters partner may file a petition, including a petition in the Court of Federal Claims, even if it does not have an interest in the outcome of the proceeding (*i.e.*, even if the tax matters partner does not have a potential tax liability). Thus, Code section 6226 specifically anticipates and allows for situations in which a partner may file a petition in the Court of Federal Claims without having a tax liability. It is not a basic statutory premise of Code section 6226 that a partner must have a tax liability to have jurisdiction in the Court of Federal Claims.

The Court stated that the application of the general rule that the singular includes the plural to the term "return" was necessary to prevent undermining the primary statutory purpose of Code section 6226(e)(1). However, that section, and TEFRA in general, was not intended to change the payment requirement for access to a refund jurisdiction such as this Court. The intent of TEFRA was to permit partnership issues to be determined in one coordinated court procedure, not to change all the rules for access to refund jurisdictions. The result of the application of 1 U.S.C. § 1 to Code section 6226(e)(1) is a change in the access rules for refund jurisdictions, despite the fact that this was not the intention of TEFRA.

The result is plainly contrary to the fundamental tax principle that every taxable year stands alone, and renders unnecessary and meaningless the framework that Congress set forth in TEFRA for dealing with affected item adjustments following the conclusion of partnership level proceedings. The result also denies the petitioning partner fundamental rights and protections set forth in TEFRA – the right to a notice of deficiency and the right to challenge the notice of deficiency in the Tax Court – should the FPAA adjustments be upheld by this Court. In doing this, the Court rests its decision on the belief that a fundamental principle of Code section 6226 is

that there must be a tax liability for a partner to file a petition in the Court of Federal Claims. However, Code section 6226 clearly allows for a tax matters partner to file such a petition even where it has no interest in the outcome of the partnership level proceeding. For these reason, the rule of 1 U.S.C. § 1 should not have been applied to the term "return" in Code section 6226(e)(1). Plaintiff therefore respectfully requests the Court to reconsider its Opinion.

**B. Plaintiff satisfies the legal standard for a motion for certification for interlocutory appeal.**

28 U.S.C. § 1292(d) states, in relevant part:

> when any judge of the [United States Court of Federal Claims], in issuing an interlocutory order, *includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation*, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2) (emphasis added). For the same reasons discussed above regarding Plaintiff's motion for reconsideration, Plaintiff satisfies the standard for certification for interlocutory appeal. The legal question at issue in the Opinion – the determination of whether the term "tax liability" in Code section 6226(e)(1) includes a partner's tax liability for taxable years other than the taxable year of the FPAA – directly impacts whether Plaintiff has satisfied the jurisdictional requirements for maintaining its claim in this Court and thus whether the proceeding may continue. The issue is a controlling question of law. Furthermore, the issue is one for which there is substantial ground for difference of opinion. The holding of the Opinion – that tax liability includes a partner's tax liability for taxable years other than the year of the FPAA – is a departure from the fundamental tax principle that every tax year stands alone and is inconsistent with the framework and intent of TEFRA. This departure and inconsistency is one

for which there is substantial ground for difference of opinion, particularly in light of the fact that this is a matter of first impression. *Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 277 (2003) (holding that an issue of first impression satisfied the requirement that there be substantial ground for difference of opinion). The issue is also one for which the resolution may materially advance the ultimate termination of the litigation. A later reversal of this Court's Opinion permitting Plaintiff to cure the asserted jurisdictional deficiency will terminate Plaintiff's suit, while affirmance "will permit all those involved to proceed to trial undeterred by this uncertainty." *Id.* (holding that the review of a motion to dismiss for lack of jurisdiction satisfied the requirement that there must be an issue that "may materially advance the ultimate termination of the litigation") (citing *Vereda, Ltda. v. United States,* 46 Fed. Cl. 569, 571 (2000)). Finally, because the result of the Court's Opinion is the deprivation of the petitioning partner's rights and protections provided for under TEFRA in violation of the partner's due process rights, the exceptional relief sought by Plaintiff in this motion is warranted.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court reconsider its Opinion of August 5, 2008. Alternatively, Plaintiff requests that the Court enter an order certifying its Opinion as appropriate for interlocutory review. Plaintiff also respectfully requests that the Court's Opinion be modified to provide that the deadline for Plaintiff's petitioning partner to cure the jurisdictional deposit shortfall be 60 days from the final resolution of this motion.

Respectfully submitted this 15th day of August, 2008.

s/ N. Jerold Cohen
N. Jerold Cohen
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.

Atlanta, Georgia 30309-3996
Tel: (404) 853-8038
Fax: (404) 853-8806
Attorney for Plaintiff

OF COUNSEL:

Lewis S. Wiener
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: (202) 383-0140
Fax: (202) 637-3593

Amanda F. Wilson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8150
Fax: (404) 853-8806

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiff's Reply to Defendant's Answer has been made on August 15, 2008 via the Court's CM/ECF system to:

David R. House
U.S. Department of Justice – Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
David.R.House@usdoj.gov

s/ N. Jerold Cohen
N. Jerold Cohen