**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**APPENDIX TO MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

---

**EXHIBIT**

Staff of Joint Comm. on Taxation, 97th Cong., *General Explanation of the Revenue Provisions the Tax Equity and Fiscal Responsibility Act of 1982* (Comm. Print 1982)

[JOINT COMMITTEE PRINT]

# GENERAL EXPLANATION

OF THE

# REVENUE PROVISIONS OF THE TAX EQUITY AND FISCAL RESPONSIBILITY ACT OF 1982

(H.R. 4961, 97TH CONGRESS; PUBLIC LAW 97-248)

---

PREPARED BY THE STAFF OF THE

## JOINT COMMITTEE ON TAXATION

DECEMBER 31, 1982

---

U.S. GOVERNMENT PRINTING OFFICE

11-324 O WASHINGTON : 1983 JCS-38-82

For sale by the Superintendent of Documents, U.S. Government Printing Office

## 10. Tax Treatment of Partnership Items (Secs. 401, 402, 403, 404, and 405 of the Act and Secs. 6031, 6046A and 6221 through 6232 of the Code)*

### *Prior Law*

For income tax purposes, partnerships are not taxable entities. Instead, a partnership is a conduit, in which the items of partnership income, deduction, and credit are allocated among the partners for inclusion in their respective income tax returns.

Partnerships are required to file an annual information return setting forth the partnership income, deductions, and credits, names and addresses of the partners, each partner's distributive share of these items, and certain other information required by the regulations. A penalty is imposed on the partnership for each month (not to exceed 5 months), that a partnership return is late or incomplete. The amount of penalty for each month is $50 multiplied by the total number of partners in the partnership during the partnership's taxable year.

Since a partnership is a conduit rather than a taxable entity, adjustments in tax liability may not be made at the partnership level. Rather, under prior law adjustments were made to each partner's income tax return at the time that return was audited. A settlement agreed to by one partner with the Internal Revenue Service was not binding on any other partner or on the Service in dealing with other partners. Similarly, a judicial determination of an issue relating to a partnership item generally was conclusive only as to those partners who were parties to the proceeding.

The Code provides a period of limitations during which the IRS can assess a tax or a taxpayer may file a claim for refund. Generally, the period is 3 years from the date the tax return is filed (if filed before the due date, the due date is treated as the date filed). If more than 25 percent of the gross income is omitted from a return, the statutory period for assessment is 6 years. In the case of a partnership, the income tax return of each of the partners under prior law began that individual partner's period of limitations. Except in the case of Federally registered partnerships, the date of filing of the partnership return did not affect the individual partner's period of limitations. In order to extend the period of limitations with respect to partnership items, the IRS was required to obtain a consent for extension of the statute of limitations from each of the partners—not the partnership. Generally, an agreement to extend the period of limitations related to all items on the return of the partner who consented to the extension.

---

*For legislative background of the provision, see H. Rep. No. 97-760 (August 17, 1982), pp. 599-613. (Joint Explanatory Statement of the Committee of Conference).

There was no partnership return filing requirement for certain foreign based partnerships with U.S. partners in some cases under prior law. There was no express requirement that a U.S. person report the acquisition or disposition of an interest in a foreign partnership.

*Windfall profit tax.*—Taxable crude oil which would otherwise be treated as produced by a partnership, is allocated among the partners of the partnership according to their income interest. Each partner to whom crude oil is allocated under this rule is treated as the producer of such crude oil. Since each partner is treated as the producer of an allocable share of the partnership's production of crude oil, the partnership must report sufficient details to permit its partners to compute their allocable share of the windfall profit tax on the partnership's crude oil production. In addition, each partner generally will certify his status to the partnership when such status is relevant to any special tax treatment, such as lower rates for independent producers or an exemption based upon the identity of the producer, so that first purchasers can compute the proper withholding of windfall profit taxes.

### *Reasons for Change*

Determination of the tax liability of partners resulted in administrative problems under prior law due to the fragmented nature of such determinations. These problems became excessively burdensome as partnership syndications have developed and grown in recent years.

Large partnerships with partners in many audit jurisdictions result in the statute of limitations expiring with respect to some partners while other partners are required to pay additional taxes. Where there are tiered partnerships, identifying the taxpayer is difficult.

Duplication of manpower and administrative and judicial effort was required in some cases to determine the aggregate tax liability attributable to a single partnership item. Inconsistent results could be obtained for different partners with respect to the same item.

Unless a settlement could be obtained that resolved partnership issues uniformly for all partners in a partnership, settlements were difficult to reach. The Internal Revenue Service had little incentive to settle with one partner where the issue had to be litigated with respect to other partners.

Prior law was inadequate as applied to foreign partnerships with U.S. partners in that partnership return filing requirements were generally not applicable and partnership records kept outside the United States often could not be reached.

### *Explanation of Provisions*

#### *Overview*

Under the Act, the tax treatment of partnership items will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners.

Except as otherwise provided in subchapter C of Chapter 63 as added by the Act, the tax treatment of any partnership item is to