No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION FOR INTERLOCUTORY APPEAL**

---

JOHN DICICCO
Deputy Assistant Attorney General

STEVEN I. FRAHM
DAVID R. HOUSE
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (Fax)
David.R.House@usdoj.gov

## TABLE OF CONTENTS

Page(s)

**Defendant's Response to Plaintiff's Motion for Reconsideration and Alternative Motion for Interlocutory Appeal . . . . . 1**

**1. The Court correctly construed the jurisdictional deposit requirement of Section 6226(e)(1), and reconsideration should be denied. . . . . 2**

**2. An interlocutory appeal on the amount to be deposited will not materially advance the ultimate termination of the litigation. . . . . 8**

**Conclusion . . . . . 12**

## TABLE OF AUTHORITIES

**Cases**:

*Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275 (2003). . . . . 11

*Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996) . . . . . 8

*Flora v. United States*, 362 U.S. 145 (1960) . . . . . 3

*Vereda, Ltda. v. United States*, 46 Fed. Cl. 569 (2000) . . . . . 11

**Statutes**:

Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671 . . . . . 2

1 U.S.C. § 1 . . . . . 4, 5

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6225 . . . . . 6

§ 6226 . . . . . 2, 3, 4, 5, 6, 7, 8, 9

§ 6230 . . . . . 7

§ 6231 . . . . . 5

§ 7422 . . . . . 3

28 U.S.C. § 1292 . . . . . 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-625 T
(Judge Mary Ellen Coster Williams)

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
a Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION FOR INTERLOCUTORY APPEAL**

Plaintiff, as a petitioning partner, filed this suit to challenge at the partnership level the IRS' disallowance of a $140,000,000 loss claimed on the partnership's return. In a Final Partnership Administrative Adjustment (FPAA), the IRS determined that the partnership, Kislev Partners, L.P., had engaged in a Distressed Asset Debt ("DAD") tax shelter in 2002, that the transaction and the partnership were shams, lacked economic substance, and were undertaken for the purpose of tax avoidance.

Plaintiff's individual tax liability in 2002 was zero, and the adjustments made by the FPAA did not result in a tax liability to plaintiff for that year. Rather, the adjustments made by



3561241.1

the FPAA resulted in tax liabilities to plaintiff on his 2003 and 2005 personal returns. The IRS determined, and plaintiff does not dispute, that the partnership's disallowed loss increases his tax liability in 2003 and 2005 by $2,905,046. Plaintiff made a deposit of $9,500 and filed suit. He claims the deposit "reflected" a computation of his tax liability for 2002 if the IRS's adjustments were sustained. Defendant moved to dismiss on the basis that plaintiff failed to make the necessary jurisdictional deposit under 26 U.S.C. § 6226(e)(1). (Pltf.'s Motion at 2.)

In an August 5, 2008, Opinion and Order, as amended on August 13, 2008, the Court held that, "to invoke the Court's jurisdiction under Section 6226(e)(1), a partner filing a readjustment petition must deposit the full amount of the partner's increased liability . . . for all years in which his individual returns are affected by adjustments to partnership items in the FPAA." (Slip. Op. at 6.) Although plaintiff's deposit was far short of the necessary sum, the Court ruled that plaintiff made a good faith effort to satisfy the jurisdictional deposit. The Court has given him 60 days within which to deposit an additional $2,895,546 (the difference between the undisputed $2,905,046 total liability and the $9,500 he has paid).

On August 15, 2008, plaintiff moved for reconsideration and, in the alternative, for certification of interlocutory appeal. Pursuant to the Court's Order, defendant files this response.

**1. The Court correctly construed the jurisdictional deposit requirement of Section 6226(e)(1), and reconsideration should be denied.**

Under TEFRA,[1] certain partners may file a petition to challenge at the partnership level an IRS adjustment to the partnership's return. Section 6226(a) and (b). Such a petition may be

---

[1] Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671, codified in §§ 6221-6233.

filed in the United States Court of Federal Claims, a district court, or the United States Tax Court. *Id.* If filing in this Court or a district court, the petitioning partner must first make a jurisdictional deposit as described in Section 6226(e)(1):

> (1) IN GENERAL.— A readjustment petition under this section may be filed in a district court of the United States or the Court of Federal Claims only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment . . . .

The requirement that a partner make a deposit equal to the increased tax parallels Congress' general prerequisite to filing a refund suit that a taxpayer must fully pay the tax liability resulting from an IRS adjustment he seeks to challenge.[2] The Tax Court is the only forum in which a party may bring a petition prior to paying the taxes in dispute.

Plaintiff seeks to resolve at the partnership level the propriety of a claimed partnership loss. Plaintiff reported his share of the partnership's loss and reduced his tax liability in 2003 and 2005. The Court interpreted Section 6226(e)(1) to require plaintiff to deposit his increased tax liability for those years, resulting from the IRS's disallowance of the loss. The Court carefully considered plaintiff's claim that, to challenge the IRS' adjustment to the partnership's return, he need only pay his increased tax for the year of the partnership's return (2002). For a variety of reasons, the Court disagreed and held that Section 6226(e)(1) required the deposit of "the full amount of the partner's increased tax liability", not just his liability on the his return for the year corresponding to the partnership's return.

The Court's ruling is correct, and plaintiff's various arguments to support reconsideration

---

[2] *See* Section 7422; *Flora v. United States*, 362 U.S. 145 (1960).

undermine the deposit requirement and misconstrue the statute and the TEFRA scheme. Plaintiff's Motion for Reconsideration should be denied.

The Court expressed several reasons for its holding that Section 6226(e)(1) requires a petitioning partner to deposit his increased tax liability for all years in which he has filed returns that are affected by partnership adjustments. The statute's "overarching" and "fundamental" requirement, the Court concluded, is the deposit of the "total" tax liability resulting from partnership level adjustments. (Slip Op. at 5.) Construing the language of Section 6226(e)(1), the Court determined that the language "tax liability" resulting from the partnership level adjustment "trumps" any suggestion that the use of the singular form "return" limits the deposit to the increased tax on a single year's return. *Id.* Since the tax liability is not always limited to the single "return" covering the same year as the FPAA, construing Section 6226(e)(1), as plaintiff urged, to require a deposit of tax liability for only the single year in which the FPAA was issued would "stand the statute on its head." That is particularly true here, since, as the Court noted, plaintiff had "no tax liability" for the year of the FPAA, and the adoption of plaintiff's interpretation would mean that no deposit would be required and would contravene "the basic statutory premise." *Id.*

The Court further supported its conclusion by reference to the well-established proposition that a singular term may refer to multiple subjects or objects. (Slip Op. at 5.) Thus, the singular term "return" used here in Section 6226(e)(1) can refer to multiple objects, that is, multiple returns.

The Court cited in this regard to 1U.S.C. §1, among other authorities. In his Motion for Reconsideration, Plaintiff focuses on the Court's citation to 1 U.S.C. §1, complains that it was

not addressed in the briefing, and argues that, while it is a valid general rule, it is inconsistent with the TEFRA framework and should not be applied here. (Pltf's Motion at 5-13.) Plaintiff emphasizes the Court's reference to 1 U.S.C. §1, and uses it as the basis for it to renew its claim the deposit requirement should be limited to a single year's return.

The Court, as summarized above, offered many grounds for its holding that the total tax liability should be deposited, not just the liability on a single return. It seems evident that there are ample grounds to support the Court's holding, even without its augmenting citation to 1 U.S.C. §1. In any event, plaintiff's arguments that 1 U.S.C. §1 is incompatible with the TEFRA scheme are misconceived.

As the Court already has pointed out, its reading of the term "tax liability" in Section 6226(e)(1) as spanning multiple years, not a single return, is consistent with the interpretation of the term "tax liability" in Section 6231(a)(6). Citing to authority in this Court, tax liability for purposes of computational adjustments in Section 6231(a)(6) is based on years both prior to and subsequent to the partnership year. (Slip Op. 6.) It hardly does violence to the TEFRA scheme to interpret "tax liability" in the same manner in two statutes within that scheme.

The violence plaintiff attempts to describe does not withstand scrutiny. Plaintiff describes pre-TEFRA procedures which required the IRS to audit and adjust each partner's individual returns, even in the partnership context, following which each partner could file a claim for refund then file a suit for refund in this Court.[3] Plaintiff acknowledges, as he must, that TEFRA completely changed that procedure to provide for a unified audit procedure in which the

---

[3] Pltf.'s Memo, pp. 6-7. Plaintiff does not mention in this part of his brief the availability of the Tax Court as the only prepayment forum available in the tax litigation procedures established by Congress.

adjustments are made to the partnership's Form 1065 and then litigated at the partnership level. It is the partnership's reporting that is at issue in a TEFRA proceeding. Unlike a pre-TEFRA, partner-level refund suit that resolves only a partner's liability and only for the particular tax year(s) for which he chose to make payment and file suit, a TEFRA proceeding decides an issue once at the partnership level, so as to resolve it for any affected partner for any and all partner tax years.

If, pre-TEFRA, a partner sought a judgment in the Court of Federal Claims or district court that would fully resolve his liability resulting from reporting on a partnership return, he would have to pay that liability for each tax year, not just a single year. Since a TEFRA partnership proceeding can (as it would here) resolve an issue for a partner for multiple tax years, the Court's holding requiring the deposit of a partner's increased tax liability for multiple years simply parallels the pre-TEFRA requirements.

Plaintiff also erroneously claims that the Court's interpretation of Section 6226(e)(1) will violate other TEFRA procedures. Plaintiff's basic premise appears to be that an assessment of taxes against a partner may only be made after the conclusion of a partnership proceeding, and that the Court's Order requiring a deposit of the entire tax liability somehow runs contrary to this statutory scheme. (Pltf.'s Memo at 9.) According to plaintiff, requiring a petitioning partner to determine how much of a deposit to make "puts the cart before the horse." *Id.* First, plaintiff's argument has nothing to do with whether a deposit is required for multiple tax years, or only one. Even if an FPAA's adjustment affected only one return of the petitioning partner, the computation of the deposit must take place prior to the conclusion of the partnership proceeding.

And contrary to plaintiff's claim (Pltf.'s Motion at 9), requiring such a deposit does not

strip a partner of any rights afforded by TEFRA. When a TEFRA partnership proceeding is brought in the district court or the Court of Federal Claims, the IRS can assess every partner's tax liabilities resulting from the partnership level determination once 150 days have passed from the mailing of the FPAA. Section 6225(a). Further, if the assessment of additional tax is simply a "computational adjustment", deficiency procedures (calling for a notice of deficiency and a right to challenge the notice in the Tax Court) do not apply.[4] Section 6230(a)(1). If, on the other hand, the assessment requires partner-level determinations, deficiency procedures are applicable, and the assessed partner has a right to proceed in Tax Court. Section 6230(a)(2). Plaintiff is simply confusing a jurisdictional deposit, needed to commence a partnership proceeding, with the procedures that apply to assessments. The making of a jurisdictional deposit, whether for one year or multiple years, does not deprive a partner of his procedural rights with respect to an assessment.

Finally, plaintiff argues that the petitioning partner may be the tax matters partner, yet have no tax liability resulting from the adjustments made by the FPAA. Plaintiff therefore argues that there is nothing untoward if a petitioning partner makes no deposit even if he has an additional tax liability that arises as a result of an FPAA in years other than the partnership year adjusted.

Plaintiff's reference to a tax matters partner with no personal liability sets up a straw man. Plaintiff is neither a tax matters partner, nor a partner whose tax liability is not affected by an adjustment to partnership reporting. Section 6226(e)(1) clearly contemplates a deposit when a

---

[4] A partner may file a claim for refund to challenge a computational adjustment. Section 6230(c).

partner's tax liability is affected by an FPAA adjustment. The Court properly ruled that the happenstance that the FPAA adjustment did not increase plaintiff's tax liability in his corresponding tax year, but only in later years, neither reduces the deposit requirement to nothing, nor allows the purpose of the statute to be contravened:

> Mr. Bahar's total tax liability reflected in the FPAA is not zero – it is some $2.9 million. Mr. Bahar's election to defer his tax losses to future years and thus incur no FPAA-related tax liability for 2002 should neither dictate the amount of his deposit – reducing it to nothing – nor undermine the primary statutory purpose of Section 6226(e)(1) which equates the amount of that deposit with total tax liability.[5]

In this instance, the total liability is $2,904,476 – not zero – therefore, the deposit should be $2,904,476.

**2. An interlocutory appeal on the amount to be deposited will not materially advance the ultimate termination of the litigation.**

An interlocutory appeal to the Federal Circuit of whether the deposit is a greater or a lesser amount will not materially advance the ultimate termination of the litigation. Certification of that issue should be denied.

Section 1292(d)(2) of Title 28 provides that the Federal Circuit may permit an appeal to be taken from an interlocutory order of the Court of Federal Claims if the order includes "a statement that [1] a controlling issue of law is involved with respect to which [2] there is a substantial ground for difference of opinion and that [3] an immediate appeal from that order may materially advance the ultimate termination of the litigation." Interlocutory appeals are reserved only for exceptional cases. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). Plaintiff claims that all three elements are satisfied here. We disagree.

---

[5] Slip Op. at 5.

While we do not dispute that the interpretation of Section 6226(e)(1) and the required jurisdictional deposit is a controlling issue of law, the Court's proper conclusion that plaintiff's position would "stand the statute on its head" and that the Court's interpretation of the statutory language "follows the normal rule of statutory construction" leaves little room to conclude that there is substantial ground for difference of opinion.

Indeed, plaintiff's only claim that there is substantial ground for difference of opinion is that, in holding that tax liability includes a partner's tax liability for years other than the FPAA, the Court has departed from the fundamental principle that every tax year stands alone and has contravened the framework and intent of TEFRA. (Pltf.'s Memo. at 13.) Plaintiff is flatly wrong in this regard. TEFRA established a unified scheme under which a Court could determine, at the partnership level, whether the reporting on a partnership return is correct. Plaintiff, a petitioning partner, has filed such a partnership level action. The only question the Court has resolved is the amount the petitioning plaintiff must deposit to establish jurisdiction. Plaintiff's individual tax liability is not otherwise before the Court, nor are plaintiff's individual tax years. As explained above, plaintiff's individual tax liability can be resolved judicially, if plaintiff chooses to do so, in a separate, partner level proceeding.

Moreover, an interlocutory appeal to decide the amount of the jurisdictional deposit can not materially advance the ultimate termination of the litigation. If there is no interlocutory appeal, and plaintiff makes the additional deposit the Court has ordered, his case will proceed and be resolved at some point in the future. If an interlocutory appeal is taken, the Federal Circuit will determine whether that additional amount is required, or whether the present deposit is sufficient, *and then* the case will proceed. An interlocutory appeal would appear to extend the

ultimate termination of the litigation, by the time needed to brief, argue, and resolve the issue on appeal. All that would be resolved in an interlocutory appeal would be the amount of the deposit, but the resolution of the substantive issue this case presents – the disallowance of the partnership's loss from a DAD tax shelter – will not be resolved more quickly by an interlocutory appeal. Plaintiff seems to contend (Pltf.'s Memo. at 14) that an interlocutory appeal is warranted on the ground that it will permit the litigation to proceed without concern whether the Court correctly allowed plaintiff to cure the jurisdictional defect by paying an additional deposit. But the government is not seeking an interlocutory appeal to challenge the Court's decision to give plaintiff an opportunity to cure the jurisdictional defect. Rather, the issue plaintiff wishes to place before the Federal Circuit, as plaintiff phrases it (Pltf.'s Memo. at 13), is whether the Court correctly ruled that the jurisdictional deposit includes years other than the year of the FPAA:

> [T]he determination of whether the term "tax liability" in Code section 6226(e)(1) includes a partner's tax liability for taxable years other than the taxable year of the FPAA.

Thus, the Federal Circuit would not decide on interlocutory appeal whether the Court properly allowed plaintiff the opportunity under Section 6226(e)(1) to cure the jurisdictional defect.

Obviously, if the Federal Circuit on interlocutory appeal were to reverse this Court, and rule that plaintiff's present deposit is sufficient, it would moot the Court's ruling that plaintiff can deposit an additional amount to establish jurisdiction and any potential future appeal by the United States that the case should have been dismissed outright.[6] Regardless, an interlocutory

---

[6] In deciding whether to take such an appeal, the government would consider its steep burden to show that this Court erred in finding plaintiff made a "good faith attempt" to satisfy the deposit requirement. The standard of review on appeal would appear to be either the clearly erroneous standard, or an abuse of discretion standard.

appeal would not materially advance the ultimate termination of the litigation. The most that can be said is that, by taking an interlocutory appeal now, there is some chance that it might avert an appeal in the future.[7] But a certain interlocutory appeal now, to potentially avoid an appeal later, would do nothing to bring the case to closure any time sooner.[8] Indeed, an interlocutory appeal could add to the total time and burden of litigation, since, even after an interlocutory appeal, either party might still take an appeal after judgment in this Court.

---

[7] That chance could arise only in the following scenario: (1) the Federal Circuit ruled for plaintiff on interlocutory appeal and (2) neither party wished to appeal this Court's eventual judgment on the merits.

[8] Plaintiff's reliance (Pltf.'s Memo. at 14) on this Court's decisions in ***Am. Mgmt. Sys., Inc. v. United States***, 57 Fed. Cl. 275 (2003) and ***Vereda, Ltda. v. United States***, 46 Fed. Cl. 569 (2000) is misplaced. Both cases involved the denial of the government's motion to dismiss and the government's desire to seek an interlocutory appeal. The Court determined in both cases that an interlocutory appeal would materially advance the ultimate termination of the litigation, because, if the government prevailed in the interlocutory appeal, litigation would be terminated, and if it didn't, trial could proceed undeterred by uncertainty regarding jurisdiction. Plaintiff's interlocutory appeal, unlike defendant's in ***Am. Mgmt.*** and ***Vereda***, offers no prospect of terminating the litigation now. Moreover, interlocutory appeal in ***Am. Mgmt.*** and ***Vereda*** would resolve jurisdiction with certainty (since it would be the issue presented on appeal), but here, the issue would be the amount of the deposit and uncertainty regarding jurisdiction could continue. In short, neither case offers any support for plaintiff's claim that its interlocutory appeal would materially advance the ultimate termination of the litigation.

CONCLUSION

For the reasons stated above, defendant prays that plaintiff's motion for reconsideration be denied, and that plaintiff's alternative motion for interlocutory appeal be denied.

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366 - telephone
(202) 514-9440 - facsimile
David.R.House@usdoj.gov

JOHN A. DICICCO
Deputy Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing document has, this 5th day of September, 2008, been made on the plaintiff by electronic filing. In addition, the Tax Matters Partner has been served by mailing a copy thereof to the following address:

Tax Matters Partner
Kislev Partners, L.P.
150 E. 58th Street
New York, NY 10155

s/David R. House
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D. C. 20044
(202) 307-6440