**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

# PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL

---

N. JEROLD COHEN
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Tel: (404) 853-8038
Fax: (404) 853-8806

ATTORNEY FOR PLAINTIFF

OF COUNSEL:
Lewis S. Wiener
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: (202) 383-0140
Fax: (202) 637-3593

Amanda F. Wilson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8150
Fax: (404) 853-8806

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

ARGUMENT AND CITATION OF AUTHORITY ........ 2

A. Defendant Misstates the Legal Standard for Challenging Tax Adjustments in a Refund Jurisdiction. ........ 2

B. Defendant Misstates the Legal Standards for Assessments under TEFRA.. ........ 5

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

## CASES

*GAF Corp. & Subs. v. Comm'r*, 114 T.C. 519 (2000) ....................5

*Maxwell v. Comm'r*, 87 T.C. 783 (1986) ....................5

## STATUTES

26 U.S.C. § 6226(e) ....................2

26 U.S.C. § 6226(e)(1) ....................1, 2

26 U.S.C. § 7422 ....................3

28 U.S.C. §§ 1346(a) ....................3

28 U.S.C. §§ 1491(a) ....................3

Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671 ....................3

## LEGISLATIVE MATERIALS

STAFF OF JOINT COMM. ON TAX'N, 97TH CONG., GENERAL EXPLANATION OF THE REVENUE PROVISIONS THE TAX EQUITY AND FISCAL RESPONSIBILITY ACT OF 1982, (Comm. Print 1982) ....................3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 07-625 T
(Judge Mary Ellen Coster Williams)

---

KISLEV PARTNERS, L.P., by and through NESIM BAHAR,
A Partner Other than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

---

In its August 5, 2008 Opinion and Order ("Opinion"), the Court held that, in calculating the jurisdictional deposit amount required by Code section 6226(e)(1),[1] the petitioning partner must calculate his increased tax liability for all years in which his individual returns could be affected by adjustments to partnership items in the notice of final partnership administrative adjustment (the "FPAA"). On August 15, 2008, Plaintiff filed a Motion for Reconsideration, or in the Alternative, for Certification of Interlocutory Appeal (the "Plaintiff's Motion") of the issue of whether Plaintiff satisfied the jurisdictional deposit requirement of Code section 6226(e)(1)

---

[1] Unless otherwise noted, all references to sections shall refer to sections of the Internal Revenue Code of 1986 (the "Code"), Title 26 of the United States Code, as amended and in effect during the relevant period.

and a Memorandum in Support. On September 5, 2008, Defendant filed its response to Plaintiff's Motion. This memorandum is submitted in reply.

## ARGUMENT AND CITATION OF AUTHORITY

### A. Defendant Misstates the Legal Standard for Challenging Tax Adjustments in a Refund Jurisdiction.

To support its argument that the jurisdictional deposit requirement of Code section 6226(e)(1) requires a partner to deposit an amount that includes the partner's potential tax liability for subsequent taxable years, rather than solely the amount of the potential tax liability for the taxable year in question, Defendant states:

> The requirement that a partner make a deposit equal to the increased tax parallels Congress' general prerequisite to filing a refund suit that a taxpayer must fully pay the tax liability resulting from an IRS adjustment he seeks to challenge.

(Defendant's Response to Plaintiff's Motion for Reconsideration and Alternative Motion for Interlocutory Appeal[2] at p. 3.) Defendant's statement is incorrect: requiring a partner to make a deposit for increased tax liabilities for all subsequent taxable years does not parallel the general prerequisite for filing suit in a refund jurisdiction (*i.e.*, the Court of Federal Claims or a district court). The jurisdictional deposit requirement of Code section 6226(e) was intended to parallel the general rules for filing a refund suit. Under these rules, when the Internal Revenue Service (the "Service") asserts a tax liability for a specific year, the taxpayer may pay the asserted tax and sue for a refund if the taxpayer wishes to challenge the assessment in a refund jurisdiction. The fact that the outcome of that refund suit may affect tax liabilities in subsequent years is irrelevant. It is the tax liability on the return in question which is required to be paid in order to obtain jurisdiction in a refund forum. Requiring a partner to make a deposit that includes the

---

[2] Hereinafter referred to as Defendant's Reply.

partner's tax liability for subsequent taxable years does not parallel the general rules for a taxpayer to challenge tax assessments in refund jurisdictions.

Defendant later states:

> If, pre-TEFRA, a partner sought a judgment in the Court of Federal Claims or district court that would fully resolve his liability resulting from reporting on a partnership return, he would have to pay that liability for each tax year, not just a single year. Since a TEFRA partnership proceeding can (as it would here) resolve an issue for a partner for multiple tax years, the Court's holding requiring the deposit of a partner's increased tax liability for multiple years simply parallels the pre-TEFRA requirements.

(Defendant's Reply at p. 6.) Again, Defendant misstates the jurisdictional rules for challenging a tax assessment in a refund jurisdiction. The contention that, pre-TEFRA,[3] a partner had to pay the liability for all years rather than the year assessed is incorrect. As is the case today, all that was required was that the assessed liability for the return for the year in question be paid and a refund suit be brought for that payment. 26 U.S.C. § 7422; 28 U.S.C. §§ 1346(a) and 1491(a). The contention that the determination in the TEFRA proceeding resolves the **issue** for subsequent years and may require payments be made for the subsequent years after the determination is true, but here Defendant is seeking to resolve the issue (at least for filed returns) and seek payment for future years **before** the determination. While *res judicata* or collateral estoppel would resolve the litigated and determined issue, what Defendant seeks here is to achieve the same effect prior to the determination.

TEFRA does not provide for this result. Congress's purpose in enacting TEFRA was to permit the tax treatment of partnership items to be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners. *See* STAFF OF JOINT

---

[3] Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671, codified in Code sections 6221-6233.

COMM. ON TAX'N, 97TH CONG., GENERAL EXPLANATION OF THE REVENUE PROVISIONS THE TAX EQUITY AND FISCAL RESPONSIBILITY ACT OF 1982, p. 268 (Comm. Print 1982). (Appendix to Memorandum in Support of Plaintiff's Motion for Reconsideration, or in the Alternative, for Certification of Interlocutory Appeal.) TEFRA does not change the general rules for challenging tax matters in refund jurisdictions, and these general rules only require a taxpayer to deposit the amount challenged by the Service on the return for the year in question. Thus, it is the liability on **the return** for the year in question which must be paid, not the potential liability on returns for future years which might be affected.

The illogic of the position taken by Defendant is even more apparent when it is considered that the FPAA could implicate future years and returns which have not yet been filed. In fact, in this very case, the entire loss has not been utilized in the years for which Defendant would have Plaintiff make a deposit. To overcome this failure, Defendant would interpret the deposit requirement as only applying to years for which returns have been filed. However, if those returns have not been audited (as is the case here), how is the Service or the taxpayer to know the amount to be deposited? Suppose the partnership loss is only one of several losses on the return. Should the taxpayer assume that it was the partnership loss that was utilized? If any portion of the remaining loss is utilized on returns filed while this proceeding is ongoing, should the petitioning partner make an additional deposit each time such a return is filed? Moreover, the insertion into the jurisdiction requirement of a deposit for "all affected returns that have been filed" is a substantial rewriting of the statutory language.

**B. Defendant Misstates the Legal Standards for Assessments under TEFRA.**

To support its argument that expanding the jurisdictional deposit requirement to encompass subsequent taxable years is consistent with the framework of TEFRA, Defendant states that:

> When a TEFRA partnership proceeding is brought in the district court or the Court of Federal Claims, the IRS can assess every partner's tax liabilities resulting from the partnership level determination once 150 days have passed from the mailing of the FPAA. Section 6225(a).

(Defendant's Response at p. 7.) This is correct, but only with respect to the partner's deficiency for the year in question in the FPAA. To assess the partner for any asserted tax deficiencies in subsequent taxable years, the Service must follow the procedures outlined in the Code. The Service cannot simply proceed to assessing the asserted tax deficiencies in subsequent taxable years.

Defendant then states:

> Further, if the assessment of additional tax is simply a "computational adjustment", deficiency procedures (calling for a notice of deficiency and a right to challenge the notice in the Tax Court) do not apply. Section 6230(a)(1). If, on the other hand, the assessment requires partner-level determinations, deficiency procedures are applicable and the assessed partner has a right to proceed in Tax Court. Section 6230(a)(2).

(Defendant's Response at p. 7.) (footnote omitted) Defendant leaves out of its discussion of this procedure the fundamental first step that, before there can be an assessment at the partner level for the subsequent taxable years, there must be a final determination of the partnership item at the partnership level, either because there has been no challenge to the FPAA adjustments or because the court proceeding challenging the FPAA adjustments has been concluded. *See, e.g., Maxwell v. Comm'r*, 87 T.C. 783 (1986) (barring the Service from assessing deficiencies attributable to a partnership item until after the close of the related partnership proceeding); *GAF*

*Corp. & Subs. v. Comm'r*, 114 T.C. 519, 526 (2000) (determining that the Service's issuance of a notice of deficiency based on affected items was invalid where the related partnership-level proceedings were still ongoing). By requiring partners to deposit an amount which includes the potential tax liability for subsequent taxable years, deposits which will be seized by the government to satisfy these potential liabilities, Defendant is attempting to move **before** the commencement of a partnership proceeding what TEFRA intends to be done **after** the conclusion of the partnership proceeding.

Furthermore, in its response, Defendant recognizes that, where an assessment requires partner level determinations, deficiency procedures apply and the assessed partner has the right to proceed in Tax Court. (Defendant's Response at p. 7.) Yet, despite recognizing this, Defendant asserts that requiring the petitioning partner to make a deposit that includes potential liabilities for future taxable years does not strip the partner of any rights afforded by TEFRA. This is untrue.

In this case, partner level determinations would be necessary to assess the partners for asserted deficiencies in later years attributable to a disallowance of the 2002 Kislev loss. The Service would need to determine each partner's basis in the partnership, whether the loss reflected on each partner's return was from Kislev or from other sources, and other matters which can only be determined at the partner level. Accordingly, the partners would have the right to challenge these deficiencies in Tax Court. However, if Mr. Bahar were required to deposit his potential tax liability for future years, the government would seize the deposit and apply it to satisfy the asserted tax liability for the future years. If the asserted liability has been satisfied for future years, there would be no deficiency, no notice of deficiency, and no right to a proceeding in the Tax Court. Thus, the making of a jurisdictional deposit for future years

absolutely deprives Mr. Bahar of his procedural rights with respect to an assessment for the future years.

## CONCLUSION

For these reasons, and the reasons set forth in Plaintiff's Motion and Memorandum in Support, Plaintiff respectfully requests the Court reconsider its Opinion, or in the alternative, enter an order certifying its Opinion as appropriate for interlocutory review.

Respectfully submitted this 12th day of September, 2008.

s/ N. Jerold Cohen
N. Jerold Cohen
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8038
Fax: (404) 853-8806
Attorney for Plaintiff

OF COUNSEL:

Lewis S. Wiener
SUTHERLAND, ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Tel: (202) 383-0140
Fax: (202) 637-3593

Amanda F. Wilson
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel: (404) 853-8150
Fax: (404) 853-8806

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiff's Reply to Defendant's Answer has been made on September 12, 2008 via the Court's CM/ECF system to:

David R. House
U.S. Department of Justice – Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
David.R.House@usdoj.gov

s/ N. Jerold Cohen
N. Jerold Cohen