# In the United States Court of Federal Claims

No. 07-625T
(Filed October 9, 2008)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KISLEV PARTNERS, L.P., by and through NESIM BAHAR, a Partner Other than the Tax Matters Partner, | \* \* \* \* | Motion for Reconsideration; Certification of Interlocutory Appeal; 28 U.S.C. § 1292 (d)(2); Jurisdiction; Tax Equity and Fiscal Responsibility Act of 1982; Notice |
| Plaintiff, | \* \* | of Final Partnership Administrative Adjustment; 26 U.S.C. § 6226(e)(1); |
| v. | \* \* | Statutory Interpretation; 1 U.S.C. § 1; Amount of Requisite Deposit. |
| THE UNITED STATES, | \* \* | |
| Defendant. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

N. Jerold Cohen, Sutherland, Asbill & Brennan, LLP, Atlanta, Georgia, for Plaintiff. Lewis S. Wiener, Amanda F. Wilson, and Avi Stadler, Sutherland, Asbill & Brennan, LLP, Of Counsel.

David R. House, U. S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for Defendant. John DiCicco and Steven I. Frahm, U.S. Department of Justice, Tax Division, Of Counsel.

___

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**
___

**WILLIAMS**, Judge.

Plaintiff, Kislev Partners, L.P. ("Kislev"), by and through its indirect partner, Nesim Bahar, challenges a Notice of Final Partnership Administrative Adjustment ("FPAA") issued by the Internal Revenue Service ("IRS") which disallowed a claimed loss of approximately $140 million on the partnership's 2002 return. This matter comes before the Court on Plaintiff's motion for reconsideration, or in the alternative, certification of an interlocutory appeal of the Court's decision that Plaintiff's deposit was insufficient to invoke the Court's jurisdiction. Kislev Partners, L.P. v. United States, 2008 U.S. Claims LEXIS 273, at \*14 (Aug. 13, 2008). Because Plaintiff has failed to establish that either reconsideration or certification of an interlocutory appeal is warranted, the motion is denied.

1

**Background**

**The FPAA**

On March 28, 2007, the IRS issued an FPAA adjusting Kislev's partnership items for the 2002 tax year. The Service determined that the transaction resulting in the loss constituted an abusive tax shelter known as a distressed asset/debt transaction ("DAD") and that the transaction and the partnership lacked economic substance and were shams undertaken for the purpose of tax avoidance. The FPAA disallowed the deferred loss of $134,084,225 and the claimed loss of $6,551,884 on Kislev's 2002 partnership return.

**The Deposit**

Section 6226(e)(1) of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"),[1] requires a partner seeking judicial review of an FPAA in the Court of Federal Claims to deposit with the Secretary of Treasury "the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the [FPAA]." Plaintiff calculated the amount of its deposit to be $9,500, positing that § 6226(e)(1) requires the petitioning partner to deposit only his tax liability for the single year for which the FPAA was issued. Mr. Bahar's individual tax liability in 2002 was zero, as the adjustments made by the FPAA did not result in a tax liability to him for that year.[2] Rather, the adjustments made by the FPAA increased Mr. Bahar's tax liability in 2003 and 2005 by $2,905,046.

**The Court's Decision**

In the underlying decision, the Court held that Mr. Bahar's deposit based solely upon his 2002 tax liability was insufficient, interpreting § 6226(e)(1) to require a partner's "tax liability" to be computed over multiple years. Section 6226(e)(1) addresses the deposit requirements for filing in this Court:

> [a readjustment petition may be filed in the Court of Federal Claims] <u>only</u> if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the <u>tax liability</u> of the partner would be increased if the treatment of partnership items on the partner's <u>return</u> were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment.

---

[1] Pub. L. No. 97-248 § 402(a) 96 Stat. 324, 648-71, codified in §§ 6221-33. Unless indicated otherwise, all short form citations to the U.S. Code refer to Title 26 as codified in 2000.

[2] Plaintiff nonetheless deposited $9,500 out of "an abundance of caution."

(emphasis added). The Court construed § 6226(e)(1) as follows:

> As Defendant posits, the overarching statutory requirement is that the total 'tax liability' be deposited as a jurisdictional prerequisite to maintaining suit in this forum. This fundamental requirement that the partner's total 'tax liability' resulting from the FPAA be deposited trumps the use of the singular form 'return,' which might otherwise suggest limiting the deposit to the amount reflected on a single year's return. While much of the time a partner's tax liability resulting from an FPAA may be reflected in the single 'return' covering the same year as the FPAA, this -- as the instant case illustrates -- will not always be the case. Plaintiff's interpretation that it need only deposit the tax liability for the single year in which the FPAA was issued would stand the statute on its head, since the petitioning partner has incurred <u>no</u> tax liability for the year of the FPAA and would require no deposit in contradiction to the basic statutory premise. . . . Mr. Bahar's total tax liability reflected in the FPAA is not zero -- it is some $2.9 million. Mr. Bahar's election to defer his tax losses to future years and thus incur no FPAA-related tax liability for 2002, should neither dictate the amount of his deposit -- reducing it to nothing -- nor undermine the primary statutory purpose of § 6226(e)(1) which equates the amount of that deposit with total tax liability.

Kislev Partners, 2008 U.S. Claims LEXIS 273, at *10-11.

In interpreting § 6226(e)(1), the Court followed two canons of statutory construction. First, the Court recognized that "'identical words used in different parts of the same act are intended to have the same meaning.'" Id. at *12 (quoting SKF USA, Inc. v. United States, 263 F.3d 1369, 1381 (Fed. Cir. 2001)). Because "tax liability" is calculated over multiple years in other provisions of the Code, the Court held that this term should be construed no differently in § 6226(e)(1). Second, the Court rejected Plaintiff's argument that the use of the singular "return" in § 6226 was dispositive, finding instead that the term "tax liability" trumped the term "return," citing the general canon of statutory construction in the opening provision of the United States Code. This provision, 1 U.S.C. § 1, states that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise, words importing the singular include and apply to several persons, parties, or things." Invoking this provision, the Court interpreted the word "return" in § 6226(e) to encompass the plural and construed "tax liability" to encompass the liability reflected in multiple "returns" filed over multiple years, not just the liability reflected in the "return" for the FPAA year.

Based upon its interpretation, the Court found the requisite deposit to be $2,905,046. The Court denied Defendant's motion to dismiss the action for lack of jurisdiction due to the insufficient deposit, recognizing that § 6226(e)(1) allows a plaintiff to cure a shortfall in its deposit as long as

3

the plaintiff made a good faith attempt to satisfy the jurisdictional requirements. The Court, finding the requisite good faith attempt, allowed Plaintiff 60 days to cure its shortfall by providing an additional deposit of $2,895,546.[3]

## Discussion

### The Standard for a Motion for Reconsideration

Rule 59(a) provides that the Court may grant "reconsideration . . . to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." In determining whether to grant a motion for reconsideration this Court is granted discretion. Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). However, the Court must consider such motions with "exceptional care." Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999) (quoting Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. 593, 594 (1996)), aff'd, 250 F.3d 762 (Fed. Cir. 2000). Motions for reconsideration are to be granted only upon "a showing of extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr., 44 Fed. Cl. at 300); see also Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662 (2007) ("[A] motion for reconsideration of a final judgment functions not as another round of briefing in an open case, but as a request for extraordinary relief in a matter that is now closed.").

To succeed on its motion for reconsideration, Kislev must show that the Court's opinion contained a manifest error of law or mistake of fact. Jade Trading LLC v. United States, 81 Fed. Cl. 173, 175 (2008); Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 29 (2007); Matthews v. United States, 73 Fed. Cl. 524, 526 (2006). In order to demonstrate the existence of a manifest error of law or fact, Kislev must show "(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Matthews, 73 Fed. Cl. at 526; see also Shirlington Limousine, 78 Fed. Cl. at 29; Fru-Con Constr., 44 Fed. Cl. at 301. Plaintiff contends that reconsideration is necessary to prevent manifest injustice because "the [ground] upon which the court based its decision," which Plaintiff characterized as the general rule of construction in 1 U.S.C. § 1, does not apply here. Pl.'s Br. at 8-9.

### The Parties' Arguments Regarding 1 U.S.C. § 1

In seeking reconsideration, Plaintiff objects that the Court cited the rule of construction in 1 U.S.C. § 1 even though Defendant did not rely upon that provision and neither party briefed it. Because Plaintiff is correct -- the Court cited 1 U.S.C. § 1 sua sponte -- the Court considers the

---

[3] Defendant has not sought reconsideration of this ruling.

parties' positions on this statute in the context of this motion.[4]

The rule of statutory construction embraced in 1 U.S.C. § 1 expressly states that the use of the singular form extends to the plural "unless the context indicates otherwise . . . ." Construing "return" to extend to multiple "returns" is consistent with the context of the deposit provision of TEFRA. Section 6226 does not expressly address the situation where the tax liability of an individual partner resulting from the FPAA extends beyond the year the FPAA was issued. Nothing in this provision expressly precludes this tribunal from reading the term "return" in the plural number. Nor does § 6226 suggest that "tax liability" may refer to a subset of the total tax liability incurred by the partner. Finally, this provision contains no language limiting the circumstances in which a petitioning partner must make a deposit. In contrast, § 6226(e) allows a partner to invoke the Court's jurisdiction "only if" he makes the requisite deposit. Thus, the context of § 6226(e)(1) supports reading return in the plural and applying 1 U.S.C. § 1's rule of construction.

As Plaintiff correctly argued, the Supreme Court has held the general rule of construction in 1 U.S.C. § 1 -- that the singular includes the plural -- may only be applied where necessary to carry out the evident intent of the statute. First Nat'l Bank v. Missouri, 263 U.S. 640, 657 (1924). Here, employing the plural of the term "return" is necessary to effectuate the overarching purpose of § 6226(e)(1) of equating the deposit with total tax liability -- a purpose which would be frustrated by imposing an unstated requirement that a partner's "return" for the year of the FPAA dictate the amount of the deposit even though that amount is only a fraction of the partner's total tax liability. In addition, the requirement that a partner make a deposit equal to the tax liability parallels Congress' general prerequisite to filing a refund suit that a taxpayer must fully pay the tax liability resulting from an IRS adjustment he seeks to challenge. See § 7422; Flora v. United States, 362 U.S. 145, 150-51 (1960).

Plaintiff argues that extending the singular form to the plural "is not necessary to carry out the evident intent of Congress in enacting TEFRA," which was to require partnership issues to be tried in a unified proceeding. Pl.'s Br. at 7. Plaintiff is correct that the enactment of TEFRA in 1982 changed the procedural landscape for litigating partnership tax matters. Due to logistical concerns facing the Service in auditing partnerships with hundreds of individual partners, Congress enacted TEFRA to allow resolution of partnership tax issues in one consolidated partnership-level proceeding rather than multiple partner-level proceedings. Staff of Joint Comm. on Taxation, 97th Cong., General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982 268 (Comm. Print 1982). TEFRA mandates consistent treatment of all partners in a partnership and provides procedures under which the Commissioner and the courts could adjust partnership items in a single, unified partnership proceeding, rather than in separate proceedings with

---

[4] The Court does not deem its invocation of 1 U.S.C. § 1 to be the sole or driving legal underpinning of its decision. Even absent resort to 1 U.S.C. § 1, it is apparent that Section 6226(e)(1) bases calculation of the deposit on the amount of a petitioning partner's "tax liability" stemming from the FPAA and not on a fraction of that liability reflected in that partner's single-year return.

each partner. See §§ 6221-33. In contrast to Plaintiff's argument, the purpose of TEFRA is best served here by making the overall tax liability expressed in the FPAA determinative, rather than the individual partner's tax liability for the year of the FPAA.[5]

**Plaintiff's Due Process Argument**

Finally, Plaintiff articulates a technical argument that the Court's reading of § 6226(e)(1) would strip the petitioning partner of fundamental rights and protections set forth in TEFRA. Pl.'s Br. at 9-10. Plaintiff appears to contend that an assessment of taxes against an individual partner may only be made after the conclusion of a partnership proceeding, and that the Court's Order requiring a deposit of the entire tax liability runs contrary to this statutory scheme. Looking forward to future partner-level proceedings following resolution of this partnership proceeding, Plaintiff identifies § 6213(a), which provides that no assessment can be made against a partner without first issuing a notice of deficiency and allowing the partner to challenge this notice of deficiency in Tax Court. Plaintiff posits that by requiring a petitioning partner to deposit the tax liability for multiple years in this proceeding, the Court has shifted the procedure for making partner-level determinations to an earlier stage than the partnership proceeding -- putting "the cart before the horse." Pl.'s Br. at 9. The Court's decision does not have this effect. The requirement for a deposit as a jurisdictional prerequisite for maintaining suit does not in any way alter TEFRA's scheme for adjudicating the partnership-level proceeding prior to any individual partner-level proceedings. The deposit is simply a prerequisite for maintaining the threshold partnership action.

Plaintiff also raises the specter that imposing a multi-year deposit requirement now will take away its fundamental right to challenge a notice of deficiency down the road because the IRS will seize its deposit to satisfy future tax liability. Then, according to Plaintiff, because there will be no tax liability (the seizure having covered it) and no notice of deficiency, Mr. Bahar will be prevented from challenging a notice of deficiency and thus be denied due process. Plaintiff asserts:

> . . . by holding that Code section 6226(e)(1) requires the petitioning partner to calculate his tax liability for all subsequent years, the Court has denied the petitioning partner his right to challenge the partner level determinations in the Tax Court should this Court ultimately uphold the FPAA adjustments. For, if the petitioning partner is required to deposit with Defendant the tax liability for all returns in which a portion of the 2002 Kislev loss was claimed, the petitioning

---

[5] Plaintiff also attempts to distinguish pre-TEFRA proceedings from the current TEFRA procedure, claiming that TEFRA did not change the procedure that an individual partner challenging an adjustment for any given year would pay the tax liability for that year, then file a claim for refund in the Court. Plaintiff is correct that pre-TEFRA proceedings required only a deposit of a single year's tax liability to challenge a single-year assessment. However, to challenge multiple assessments, a partner would have to pay his liability for each tax year, ultimately depositing the total tax liability in issue.

6

> partner would have no tax liability for these later years once the partnership proceeding is completed. Defendant would have seized the deposit and applied it to satisfy Mr. Bahar's asserted tax liability for the later years. Accordingly, there would be no deficiency, no issuance of a notice of deficiency, and no right to challenge the notice of deficiency in the Tax Court. Instead, there would be an immediate adjustment and assessment, and no right to challenge either in one of the forums provided for under TEFRA. The result is that the petitioning partner has been stripped of statutory protections and rights provided under TEFRA in violation of his due process rights.

Pl.'s Br. at 10. Suffice it to say that Plaintiff's dire hypothetical is not before the Court now, is wholly speculative, and attempts to divert the Court from the matter of statutory interpretation at hand. A ruling that the statutory deposit language means what it says -- deposit the tax liability -- does not deprive Plaintiff of due process.

Because Plaintiff has not demonstrated a manifest error of law in the Court's interpretation of § 6226(e)(1), Plaintiff's motion for reconsideration is denied.

**Certification of Interlocutory Appeal**

In the alternative, Plaintiff requests certification of an interlocutory appeal. 28 U.S.C. § 1292(d)(2) provides, in relevant part:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2). "It is well accepted that interlocutory appeals under this section are reserved for 'exceptional' or 'rare' cases and should be authorized only with great care." Nebraska Public Power Dist. v. United States, 74 Fed. Cl. 762, 763 (2006) (citing AD Global Fund, LLC ex rel. North Hills Holding, Inc. v. United States, 68 Fed. Cl. 663, 665 (2005)). Section 1292(d)(2) sets forth a three-pronged test for certification -- there must be: 1) a controlling question of law involved; 2) a "substantial ground for difference of opinion" regarding that controlling question of law; and 3) a showing that "immediate appeal . . . may materially advance the ultimate termination of the litigation[.]" Nebraska Power, 74 Fed. Cl. at 763; see also Aleut Tribe v. United States, 702 F.2d 1015, 1019 (Fed. Cir. 1983); Jade Trading, 65 Fed. Cl. at 446.

Questions of law are "controlling" when they "materially affect issues remaining to be

decided in the trial court." Jade Trading, 65 Fed. Cl. at 447; see also Marriott Int'l Resorts, L.P. v. United States, 63 Fed. Cl. 144, 145 (2004) (quoting Pikes Peak Family Hous., LLC v. United States, 40 Fed. Cl. 673, 686 (1998)). Although the parties submit that the issue of the amount of Plaintiff's jurisdictional deposit required by § 6226(e) is a "controlling question of law" within the meaning of 28 U.S.C. § 1292(d)(2), resolution of this issue is not likely to "materially affect issues remaining to be [decided] in the trial court." Rather, the calculation of the deposit is wholly segregable from the challenge to the FPAA and in no way affects the determination of whether the transaction at issue possessed economic substance.[6] As such, the Court does not deem the issue of the proper amount of the deposit to be a controlling question of law.

Whether § 6226(e)(1) requires a deposit in the amount of the petitioning partner's total increased tax liability over multiple years or merely the year for which the FPAA was issued is an issue of first impression. This Court has recognized that issues of first impression may satisfy the "substantial ground for difference of opinion" criterion. Am. Mgmt. Sys., Inc. v. United States, 57 Fed. Cl. 275, 277 (2003); see also Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 56-57 (1986). However, interlocutory appeal may not be available for every issue of first impression; it is "not intended merely to provide review of difficult rulings in hard cases." United States Rubber Co. v. Wright, 359 F. 2d 784, 785 (9th Cir. 1966). An issue of first impression, standing alone, does not establish a substantial ground for difference of opinion. In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). Here, the issue of the amount of the deposit is not a close question of statutory interpretation even though it raises an issue of first impression. As such, there are not substantial grounds for difference of opinion on this issue.

The third criterion of 28 U.S.C. § 1292(d)(2) -- whether an immediate appeal would materially advance the ultimate termination of the litigation -- depends "on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 14 (2001) (quoting Northrop Corp. v. United States, 27 Fed. Cl. 795, 800-01 (1993)). As this case currently stands, Plaintiff must cure the shortfall in its jurisdictional deposit in order to pursue its petition for readjustment. This will allow the case to proceed in 60 days. In contrast, certification of an interlocutory appeal would delay this litigation without resolving any of the underlying substantive issues upon which Plaintiff seeks readjustment. Rather, because the issue of the deposit implicates the Court's jurisdiction, this litigation would be stopped in its tracks while Plaintiff pursued its appeal, only to be reinstated where it left off -- at the early stages with no progress toward ultimate resolution having been made. Because interlocutory appeal would delay rather than materially advance the litigation, the Court will not deviate from the general rule of finality, which "embodies a congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by

---

[6] Had the Court opted to dismiss this action for lack of jurisdiction due to an inadequate deposit, a controlling question of law would have been presented since that ruling would have resulted in termination of Plaintiff's action. See, e.g., Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.").

interlocutory appeals." United States v. Nixon, 418 U.S. 683, 690 (1974)).

## **Conclusion**

1. Plaintiff's motion for reconsideration is **DENIED**.

2. Plaintiff's motion for certification for interlocutory appeal is **DENIED.**

3. Plaintiff shall deposit $2,895,546 in accordance with § 6226(e)(1) within 60 calendar days of the date of this opinion. Upon making such deposit, Plaintiff shall file a Notice to the Court.

        s/Mary Ellen Coster Williams
        **MARY ELLEN COSTER WILLIAMS**
        **Judge**